# Williams v. The State.

*Indictment for Rape.*

1. *Competency of juror.*—A member of the grand jury by which the indictment was found is incompetent to serve as a petit juror, and may be challenged for cause by the State, though the objection has been waived by the defendant.

2. *Same.*—Under the statute (Code, § 4331), a person offered as a juror is subject to challenge for cause if he has not been a householder or freeholder of the county, for the last preceding year, though he has resided in the county for many years.

3. *Witness ten years old; competency of.*—A girl ten years of age, on examination by the court to test her competency in a criminal case, stated, in reply to questions, her name, her age and residence at the time of trial, and also when the crime was committed, and, when asked what would become of her when she died, if she swore to a lie, re-

plied, "I will go to hell," and made the same reply when asked what would be done with her here, if she swore to a lie. *Held*, that she was competent to testify.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

The appellant, Howard Williams, was convicted of rape, and appeals.

In selecting the jury, J. T. Chapman, one of the special jurors drawn to try the case, on his examination by the court as to his qualifications, stated that he was a member of the grand jury which found and returned the indictment against the defendant. The defendant's counsel stated that he would waive the objection, but the court permitted the solicitor, for the State, to challenge said juror for cause; to which ruling of the court the defendant duly excepted. C. A. Ramsey, another special juror, on his examination as to his qualifications, stated that he had resided in Hale County for many years, but that he was neither a householder nor freeholder in said county, and had not been during the last preceding year. The State declining to waive the objection to the juror, he was set aside by the court, to which action and ruling of the court the defendant duly excepted. Annie Bowls, the girl alleged to have been abused by the defendant, was offered as a witness for the State. The defendant objected to her testifying until she had been examined by the court as to her competency. The court then asked her the following questions: "What is your name?" She replied: "My name is Annie Bowls." "How old are you Annie?" She replied: "I am now going on ten years old, but was going on seven when Howard hurt me." "Where do you live?" "I live now on the Peck place, but lived when this was done on the Lavender place, and was nursing for my auntie," she replied. "Have you ever been to Sunday school?" "I have never been but one Sunday," she said. "What will become of you when you die, if you swear to a lie?" She replied: "I will go to hell." "What will be done with you here if you swear to a lie?" She replied: "I will go to hell." The court then permitted said Annie Bowls to be examined, and to testify as a witness, to which ruling of the court the defendant duly excepted. The record presents no other questions for review.

5

[Harper v. The State.]

H. W. LAVENDER, for appellant.

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The exceptions reserved to the ruling of the court, in allowing the state to challenge the two jurors for cause, is without merit. *Finch v. The State*, 81 Ala. 41; Cr. Code, § 4331.

The *voir dire* examination of the witness Annie Bowls showed that she was competent to testify, and the court ruled correctly in so holding. *Grimes v. State*, 17 So. Rep. 189. The exception to the competency of the witness is the only one insisted upon in brief of counsel.

There is no error in the record, and the judgment of the trial court must be affirmed.