184 So. 260

## BALLARD v. STATE.

### 6 Div. 365.

Supreme Court of Alabama.

June 30, 1938.

Rehearing Denied Oct. 6, 1938.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

F. F. Windham, of Tuscaloosa, for respondent.

GARDNER, Justice.

In Gholston v. State, 221 Ala. 556, 130 So. 69, the holding was, as to section 8662 of the Code, that it confers on the parties the right, under directions of the court, to further examine the jurors within proper bounds to ascertain "any matter that might tend to affect their verdict." But, says the opinion, "this section does not empower the party to require the court to put such questions to the jury, even when properly framed." (Page 70.) When there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge. Bragan v. Birmingham Railway, Light & Power Co., 163 Ala. 93, 51 So. 30. And to put the trial court in error, it should be made to appear its ruling was appropriately invoked. Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543.

It is also the well established rule that doubtful recitals must be construed most strongly against the excepter (Birmingham Railway, Light & Power Co. v. Gonzalez, supra), under the general rule that a bill of exceptions is to be construed most strongly against the party excepting. 2 Alabama Digest, page 699, Appeal and Error ⊕900.

Appellant has the burden of showing reversible error, and error must affirmatively appear. 2 Alabama Digest, page 701, Appeal and Error ⊕901.

In construing the colloquy between counsel for defendant and the trial judge, as set out in the opinion of the Court of Appeals, we are persuaded the above noted rule as to the construction of a bill of exceptions was overlooked. It is clear enough defendant's counsel made no direct request of the trial judge that he, counsel, be permitted to propound the question to the jurors as the statute prescribes, and as noted by this Court in the Gholston Case, supra. Indeed, we are inclined to think the colloquy tends rather to show that the request was that the judge, in addition to the questions he had just asked the jurors, proceed

to have them stand and respond to his further inquiries along the line suggested by counsel.

But, be that as it may, to say the most for appellant, the matter appears doubtful, and under the established rule doubtful recitals are to be construed most strongly against him. If defendant would save the point, he must appropriately invoke the ruling of the court. Construed as a request to the trial judge to proceed in the matter, defendant can take nothing by his exception.

Under the rule of construction referred to, we think such construction is proper to be given this colloquy, and that the Court of Appeals was in error in holding to the contrary. This is decisive of the case here, and the other matter discussed needs no consideration or comment, though confessedly, if properly invoked, a serious question might be presented. We of course adhere to the rights of the parties under section 8662 of the Code, as interpreted in the Gholston Case, supra.

The writ is awarded, and the judgment of the Court of Appeals reversed and the cause remanded to that court for further proceedings therein.

Writ awarded. Reversed and remanded.

ANDERSON, C. J., and THOMAS, BOULDIN, and BROWN, JJ., concur.

FOSTER and KNIGHT, JJ., dissent.