295 So.2d 427

**Frank James FINLEY**

v.

**STATE.**

**5 Div. 107.**

Court of Criminal Appeals of Alabama.

May 1, 1973.

Rehearing Denied Aug. 14, 1973.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Frank James Finley was convicted in Lee County Circuit Court of carnal knowledge of a female child under twelve or of abuse of such child in the attempt to have carnal knowledge of her and sentenced to fifteen years.

Appellant presented to the trial court a motion for an extensive voir dire, accompanied by a list of the proposed questions to the venire. Alternatively, he moved the court to ask the questions listed or that he be allowed to propound them. The trial judge stated he would only permit counsel to ask questions marked and approved by the court. To this ruling, the appellant excepted.

In appellant's motion for a new trial he insisted the trial court committed reversible error in not permitting defense counsel to inquire of the jury panel the following interrogatories in Exhibit "A," of the Motion to Conduct a Fair and Reasonably Extensive Voir Dire:

Richard D. Lane, Auburn, for appellant.

"52.  Have any of you ‚sat on a Grand Jury in this Circuit within the past two years?

"If so: (a) who has sat on the Grand Jury

"53. Have any of you sat on a Grand Jury in the County more than two years ago?

"If so: (a) who
(b) when

Title 30 § 52, Code of Alabama, 1940, Recompiled 1958, gives the parties in civil and criminal cases, the right to examine jurors as to their qualifications, interest, or bias which might affect the trial of the case, and would have the right, under the direction of the court, to examine said jurors as to *any matter that might tend to affect their verdict.*

■ The purpose of this right is to afford the parties information relating to the qualifications of the jurors, so that the right of peremptory challenge selection (i. e. striking) may be exercised advisedly. Smith v. State, 36 Ala.App. 624, 61 So.2d 698.

■ In the absence of a showing to the contrary, the presumption is always in favor of correct action on the part of the trial judge. Ballard v. State, 236 Ala. 541, 184 So. 260.

■ The proposed inquiries were important to the peremptory challenge procedure and should have been permitted. Their denial hampered counsel in his exercise of this process and resulted in prejudice to the appellant. Based on these facts, the motion for a new trial should have been granted, and the Court's failure to do so was reversible error.

In the light of our holding, it is unnecessary to discuss any of the other alleged errors.

Reversed and remanded.

All Judges concur.