295 So.2d 428

In re Frank James FINLEY

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel.
ATTORNEY GENERAL.

SC 506.

Supreme Court of Alabama.

Jan. 24, 1974.

Cassady & Fuller, Enterprise, for petitioner.

No brief for respondent.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State, petitioner.

Richard D. Lane, Auburn, for respondent.

MADDOX, Justice.

The Court of Criminal Appeals, 52 Ala. App. 574, 295 So.2d 427, unanimously reversed the conviction of Frank James Finley for carnal knowledge or abuse in an attempt to have carnal knowledge of a child under the age of twelve and remanded the cause to the circuit court. On petition by the State of Alabama for certiorari, we granted the writ in order to review the opinion and judgment. The only point on which the judgment was reversed, and the only issue before us is stated in the opinion of the Court of Criminal Appeals:

"In appellant's motion for a new trial, he insisted the trial court committed reversible error in not permitting defense counsel to inquire of the jury panel the following interrogatories in Exhibit 'A,' of the Motion to Conduct a Fair and Reasonably Extensive Voir Dire:

" '52. Have any of you sat on a Grand Jury in this Circuit within the past two years?

" 'If so: (a) Who has sat on the Grand Jury?

" '53. Have any of you sat on a Grand Jury in the County more than two years ago?

" 'If so: (a) Who

(b) When' "

The Court of Criminal Appeals recognized the presumption is always in favor of the trial judge's action in the absence of a showing to the contrary and cited Ballard v. State, 236 Ala. 541, 184 So. 260 (1938), but nevertheless concluded:

"The proposed inquiries were important to the peremptory challenge procedure and should have been permitted. Their denial hampered counsel in his exercise of this process and resulted in prejudice to the appellant. Based on these facts, the motion for a new trial should have been granted, and the court's failure to do so was reversible error."

After a review of the law applicable to examination of jurors, we are of the opinion that the judgment of the Court of Criminal Appeals is due to be reversed and remanded.

■ Title 30, § 52, Code of Alabama 1940 (Recompiled 1958), gives a party "the

right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case," and "the right, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict." This right does not in any way diminish the trial court's discretion in such matters. Rose v. Magro, 220 Ala. 120, 124 So. 296 (1929). The scope of permissible examination is within the discretion of the trial judge. Aaron v. State, 273 Ala. 337, 139 So.2d 309 (1962); Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973).

■ It appears the trial judge permitted defendant to conduct a lengthy examination of the venire prior to empanelment of the jury, allowing forty of defendant's fifty-seven interrogatories.

In Williams v. State, 109 Ala. 64, 19 So. 530 (1895), the trial judge questioned prospective jurors and found that one of them had been a member of the grand jury which returned the indictment for rape. This Court affirmed the trial judge's action upholding the state's challenge for cause. But in Noah v. State, 38 Ala.App. 531, 89 So.2d 231 (1956), the Court of Criminal Appeals upheld the trial judge's refusal to allow defense counsel to inquire whether any prospective jurors had ever served on a jury on which they had voted for conviction.

In Bellard v. United States, 356 F. 2d 437 (5th Cir. 1966), the court's refusal to ask jurors on voir dire whether they had served on a federal grand jury or had previous service on a petit jury in a federal or state court was not an abuse of discretion.

Defendant was convicted of perjury before a grand jury in United States v. Ruggiero, 472 F. 2d 599 (2nd Cir. 1973). He contended the trial court erred by refusing to ask at the jury voir dire "whether any of the persons have served on a grand jury or another jury on another occasion." The Second Circuit noted:

" . . . While it would not have been improper to make such an inquiry, matters of this kind are within the sound discretion of the trial judge, which was not abused here. . . ." 472 F. 2d at 607.

We hold that the trial court did not abuse his discretion in this case.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.

Reversed and remanded.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J., and FAULKNER and JONES, JJ., dissent.