THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY LEE COOK, Defendant-Appellant.

Second District   No. 81—466

Opinion filed February 2, 1983.

622

UNVERZAGT, J., dissenting.

G. Joseph Weller and Manuel Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

On January 17, 1981, defendant, Ricky Lee Cook, with two others, Michael Anderson and Larry Keen, escaped from the Winnebago County jail by breaking a window on the third floor and sliding down a rope made of blankets. Keen broke his wrist when the rope broke and was apprehended at that point. Cook and Anderson were apprehended shortly thereafter, a few blocks from the jail, and were returned to custody.

Defendant Keen, age 23, entered into a plea agreement whereby he pleaded guilty to the instant escape and to felony theft, after the indictment charging burglary was amended to felony theft. Defendant Anderson, age 25, entered into a plea agreement whereby he pleaded guilty to the instant escape and to an unrelated offense of armed robbery. On March 16, 1981, he was sentenced to a term of imprisonment of three years for the escape and 10 years for the armed robbery. The sentence for this escape was to run concurrently with the sentences for the armed robbery conviction and for a Wisconsin armed robbery conviction.

Defendant Cook, age 29, pleaded guilty to the offense of escape (Ill. Rev. Stat. 1981, ch. 38, par. 31—6(a)), and, on May 1, 1981, he was sentenced for that offense to the maximum term of imprisonment

of seven years. At the same time, he was sentenced to a three year term of imprisonment on a conviction for aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4), arising from an unrelated matter, to run consecutively with the sentence for escape. He was also sentenced at that time to 364 days on a petty theft conviction (Ill. Rev. Stat. 1979, ch. 38, par. 16—1) related to the aggravated battery and to run concurrently with the sentence for that offense.

On May 7, 1981, defendant Cook filed a motion for reconsideration of his sentence on the grounds that it was excessive and disparate from the three year sentence received by his codefendants Anderson and Keen. The trial court denied the motion and also denied defendant's motion made pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) to withdraw his guilty plea. Defendant has appealed from his conviction and sentence for the offense of escape.

On appeal defendant Cook contends that his sentence was excessive due to the disparity between his sentence and that received by defendants Keen and Anderson, who were equally active in the offense of escape and whose prior records were of a more violent nature than that of defendant.

■ Illinois has long recognized that fundamental fairness and respect for the law requires that defendants similarly situated not receive grossly disparate sentences. (*People v. Kline* (1981), 99 Ill. App. 3d 540, 553-54, *rev'd on other grounds* (1982), 92 Ill. 2d 490; *People v. Bares* (1981), 97 Ill. App. 3d 728, 738.) This rule of law has its inception in the concept of equal justice under the law, a constitutional right which all persons have and which all judges must respect. (99 Ill. App. 3d 540, 554.) A disparate sentence may be supported by either a more serious criminal record or greater participation in the offense; otherwise, defendants similarly situated ought to receive similar treatment in sentencing, as is required by fundamental fairness. *People v. Martin* (1980), 81 Ill. App. 3d 238, 245.

In this case, the record does not contain any evidence that would in any way indicate that Cook's participation in the escape was greater than that of Anderson and Keen. Yet, the sentence imposed was more than twice that of Anderson and Keen. The only basis for such a disparity must necessarily be found in differences among their prior criminal records.

Defendant Keen's prior record consisted of a 1975 misdemeanor theft conviction, for which he received 30 days in the county jail, and felony convictions for a 1976 armed robbery and attempt (murder), for which he was sentenced to a term of imprisonment of four to 10 years. Defendant Anderson's presentence report revealed that he had

been sentenced to 15 years in the penitentiary for a 1980 Wisconsin armed robbery conviction, one year in the penitentiary for a 1980 Wisconsin escape conviction and 15 years in the penitentiary for a 1974 Kentucky involuntary manslaughter conviction. Defendant Cook has a lengthy criminal record commencing in 1968, when he was a teenager, consisting of the following 15 misdemeanor convictions: petty theft (3), attempt petty theft (2), reckless driving (1), glue sniffing (1), minor drinking (2), contributing to the sexual delinquency of a minor (1), criminal damage to property (1), unlawful use of weapon (1), obstructing a police officer (1), driving after license suspended (1), and battery (1). Also, he had the following five felony convictions and sentences: two to four years imprisonment for a 1980 North Carolina false pretense conviction, a one-year term in the Federal prison for a 1977 possession of heroin conviction, a sentence of five years to life for a 1974 California first degree robbery conviction, and concurrent terms of two to four years for 1972 offenses of grand theft and forgery.

Though defendant Cook has an extensive criminal record demonstrating a pattern of criminal conduct over a longer period of time than that of Anderson and Keen, the crimes for which Cook has been convicted do not exceed the violent nature or severity of the crimes committed by Anderson and Keen and cannot justify the grossly disparate seven-year sentence for the offense of escape when that sentence is compared with the three-year sentences imposed upon Keen and Anderson for the same offense. We are cognizant of the frequently stated rule that the trial court's decisions regarding sentencing are entitled to great deference and weight. (*E.g., People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) However, a review of the report of proceedings of the hearing on the motion for reconsideration reveals that while the trial judge reiterated his reasons for imposing a seven-year sentence on Cook, there is no indication whatsoever contained in the record that he gave any consideration to the issue of the disparity among the sentences imposed upon Cook, Keen and Anderson. We are frank to admit that separate and apart from the sentences imposed upon Keen and Anderson, we would uphold the seven-year sentence imposed upon Cook. The sentence which Cook received, however, measured against the sentences imposed upon Anderson and Keen was grossly disparate. Fundamental fairness requires that defendant Cook's sentence be reduced to be more consistent with the sentences imposed upon his accomplices. Pursuant to Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)), we hereby reduce defendant Cook's sentence for the offense of escape (Ill. Rev. Stat. 1981, ch. 38,

par. 31—6(a)) to a term of five years with the Department of Corrections. See *People v. Bares* (1981), 97 Ill. App. 3d 728, 738-39.

Affirmed as modified.

SEIDENFIELD, P.J., concurs.

JUSTICE UNVERZAGT, dissenting:

I respectfully dissent from the majority opinion. The majority reduces the sentences because the trial judge, while giving reasons for imposing a seven-year sentence on Cook, did not explain the reason for a greater sentence imposed on him than on his codefendants. I do not believe every conceivable reason for the sentence has to be included if the trial judge does include sufficient reasons to satisfy the requirements of section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c)). Besides, this section has been construed not to place an independent duty upon the court to give a statement of reasons. *People v. Davis* (1982), 93 Ill. 2d 155.

In any event, in this case, the defendant and his codefendants did possess serious criminal records. Codefendant Keen had two prior violent felony convictions; codefendant Anderson also had two prior, violent felony convictions and had previously attempted escape from a Wisconsin jail. However, the defendant's prior criminal record was more extensive, if not more serious, than those of his codefendants.

The circuit court noted, and the defendant personally acknowledged, that he spent the majority of the 10-year period prior to sentencing behind bars. The defendant's prior criminal record includes 21 prior misdemeanor convictions, including traffic, weapons, sex, theft, and battery offenses, felony offenses including theft, forgery, false pretenses (North Carolina), first degree robbery (California), and possession of heroin (Federal). This prior criminal history clearly influenced the circuit court in its imposition of a severe sentence on the defendant, which sentence was nonetheless more lenient than the maximum, consecutive, extended-term sentence requested by the State. I conclude that the circuit court did not abuse its sentencing discretion regarding the seven-year sentence imposed on the defendant on the instant offense. *People v. La Pointe* (1981), 88 Ill. 2d 482, 492-93; *People v. Cox* (1980), 82 Ill. 2d 268, 280; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154.

I therefore dissent from the majority opinion.