**Robert Lee SWANSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–579CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 16, 1985.

Richard Haynes, Haynes & Fullenweider, Clinard J. Hanby, Haynes & Fullenweider, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

### OPINION

SEARS, Justice.

This is an appeal from a conviction for burglary of a building with intent to commit theft. Appellant pled guilty and was sentenced by the trial court to seven years in the Texas Department of Corrections. In a single ground of error appellant claims the trial court erred in overruling his Motion to Dismiss the Indictment. We find no error and affirm.

The appellant was indicted on June 9, 1981. On July 29, 1982, appellant, the District Attorney's Office and the Drug Enforcement Administration (DEA) signed a plea bargain agreement in which the District Attorney agreed to dismiss the indictment in exchange for appellant's assistance to the DEA by providing information leading to the arrest and indictment of individuals violating state and federal controlled substances laws. The agreement specifically required appellant to comply with the following conditions:

1) [appellant] must provide information
    and assistance resulting in the arrest

and indictment of four separate individuals in four separate transactions;

2) one of the four individuals must be arrested and indicted for the possession of not less than one pound of any penalty group one controlled substance;

3) each of the remaining three individuals must be arrested and indicted for possession of not less than 28 grams of any penalty group one controlled substance;

4) each of the four individual cases must arise from separate transactions.

The agreement further provided that:

5) if [appellant] is unable to provide assistance leading to the arrest and indictment of the one individual possessing one pound but is able to provide assistance resulting in the arrest and indictment of the other three individuals, the state will recommend seven years' confinement in the Texas Department of Corrections.

6) the conditions must be completed within 120 days of the date the agreement is signed.

The record reflects that appellant provided the DEA with the following:

1) information which led to the issuance of a search warrant resulting in the seizure of 1.6 pounds of a substance containing approximately 85 grams (or less than two-tenths of one pound) of heroin and cocaine, and which resulted in the arrest and indictment of three individuals;

2) information which led to a potential large drug purchase with a man named Alleresso; however, the deal was abandoned because the DEA refused to pay a $5,000 advance;

3) information supplied by appellant and passed to the Customs Department by the DEA on an alleged connection between a drug dealer named Cantu and a Columbian ship, but from which no arrests appear to have been made.

Appellant contends in his ground of error that he substantially complied with the conditions, but he failed to comply totally with the terms of the contract because the DEA failed to follow through on the information given to it. Appellant claims the trial court erred in failing to find performance of the contract and in failing to dismiss the indictment against him.

When a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and voluntarily. In effect he becomes a party to a contract, and both he and the state are bound to carry out each side of the bargain. *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex.Crim.App.1982) (en banc), *cert. denied*, 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983). The terms of the contract are quite clear and unambiguous as to the performance required to obtain a dismissal of the felony charges. Further, they expressly provide for partial compliance. Even if we were to accept appellant's contention that he should be credited with the attempted drug sale to Alleresso, he would still not have fulfilled the terms necessary for full or partial compliance with the contract. The record reveals that the only transaction completed by appellant which satisfies a condition of the agreement was the one in which appellant's information led to the arrest and indictment of three individuals possessing 85 grams of a group one controlled substance. Although over a pound and one-half of a suspected controlled substance was seized in this transaction, only 85 grams were actually a group one controlled substance. This single transaction satisfied only one of the four transactions necessary to dismiss the indictment. Appellant failed to show that any information supplied by him could have resulted in the arrests and indictments of one person for possession of at least one pound of a penalty group one controlled substance and the arrest and indictment of at least two more persons in possession of at least 28 grams. The District Attorney recommended only seven years even though appellant failed to perform the partial compliance portion of the contract. The record does not support

appellant's assertion that he made more information available to the DEA which should have been used, or which was used and not credited to his side of the agreement. Representatives from the DEA, Deer Park Police Department, Harris County District Attorney's Office and the appellant himself testified that other information which was supplied to the DEA led to minor arrests for offenses other than possession of controlled substances, or led to no arrests at all; only a small amount of information provided by appellant was not used in any way.

Appellant has failed to prove that he performed his end of the bargain and has failed to substantiate his claim that he was prevented from performing by acts of the DEA which were beyond his control. We therefore overrule his ground of error. The conviction is affirmed.

J. CURTISS BROWN, Chief Justice, concurring.

I concur. However, I must express my strong reservations about the use of such a "contract" as is reflected by this record. Since it contemplates future delivery of certain future violators this kind of arrangement can lead to perjury, entrapment, or other abuse reflecting discredit on the administration of justice.