THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BART E. WOLFE, Defendant-Appellant.

Second District   2—85—1046

Opinion filed June 26, 1987.—Rehearing denied July 27, 1987.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert T. Russell, State's Attorney, of Belvidere (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

The defendant, Bart E. Wolfe, appeals from the judgment of the circuit court which denied his motions to withdraw his guilty plea and reduce his sentence. On appeal the defendant contends that: (1) the prosecutor breached a prior plea agreement when he failed to recommend a sentence of eight years' imprisonment at the hearing on the motion to reduce sentence and (2) the defendant's sentence is grossly disparate to that given his codefendant. For the reasons set forth below, we affirm.

On March 8, 1985, defendant was charged in a 10-count information with home invasion, armed robbery, residential burglary, aggravated battery, burglary and criminal damage to property arising out of incidents which occurred on February 22, 1985. A codefendant, Michael Slavik, was charged in a separate information with the same 10 counts.

On September 6, 1985, the codefendant, Slavik, agreed to plead guilty to the home invasion count. The court accepted Slavik's guilty plea, and the prosecution agreed to dismiss the remaining nine counts. The prosecution and Slavik made no agreement, however, as to sentencing.

On September 20, 1986, defendant agreed to plead guilty to the home invasion count. Pursuant to this plea agreement the prosecution agreed to dismiss the remaining counts against the defendant and also to recommend a sentence of eight years' imprisonment. The following forms the prosecution's factual basis at the time of the defendant's guilty plea.

Defendant and Slavik went to the home of the victim, Bonnie Harris, on the evening of February 22, 1985. At the time of the offense the defendant wore a ski mask. When Slavik and defendant en-

tered the victim's home, defendant ran into the middle of the living room, crouched down, and pointed a gun at the victim. Defendant gave the gun to Slavik and searched the basement for other occupants. Thereafter, defendant returned to the living room, sat down on the couch next to the victim, and proceeded to remove a $20 bill from her purse. Defendant continued to search the purse and asked the victim, "Well, how about another twenty?" He then put the purse on the side of him and began to move closer to the victim. As the victim moved away, defendant continued to move closer and eventually was seated directly next to the victim.

When the victim's son returned, defendant ran towards him and grabbed him, and they both went outside. Slavik followed, put the gun away, and made the following statement, "Let's not be too big of an asshole." Slavik and defendant then left, and the victim called the police.

The court sentenced Slavik on October 31, 1985. The prosecution recommended a sentence of eight years, and the court imposed a sentence of seven years' imprisonment. When the court sentenced Slavik it noted that his psychological evaluation had shown that Slavik is "apparently a follower, that his conduct was induced by persons other than *** or outside himself."

The court sentenced the defendant on November 14, 1985. At this hearing the codefendant, Michael Slavik, testified: (1) he had been convicted of home invasion in this case and sentenced to seven years' imprisonment; (2) he and defendant had gone to the victim's residence "maybe three times" on the evening in question; and (3) just prior to the final visit, defendant told Slavik, "I'm up for a piece; lets go rape Mrs. Harris." We note, however, that at his own sentencing hearing Slavik had stated, "We didn't have no intention of raping her. I think that was just brought up in our minds with the drugs we were doing that night."

Defendant also called the probation officer, Neil Magnuson. Magnuson testified that in preparation of the presentence report for the defendant's case, he had interviewed the victim and ascertained that at the time of the present offense she did not sense any sexual connotations in the defendant's actions, but had only experienced a fear of death.

At the conclusion of argument, the court sentenced defendant to a 12-year term of imprisonment. Specifically, the court noted that defendant had worn a ski mask at the time of the offense, had brandished a gun, and had been the instigator.

Thereafter, on November 22, 1985, defendant filed a motion to

withdraw his guilty plea. On December 4, 1985, he filed a motion pursuant to Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)) to withdraw the guilty plea and challenge the sentence imposed. Subsequently, at the hearing to reduce sentence, defense counsel argued that: (1) he had been surprised at Slavik's testimony at the original sentencing hearing with regard to the rape allegations; (2) that these allegations could be proved false; and (3) that Slavik's testimony may have influenced the court and partially accounted for the defendant's receipt of a higher sentence. The prosecution responded:

"As to the Motion for Reduction of Sentence, I object to the reduction of sentence. I think it was an appropriate sentence based upon the evidence that was presented at the sentencing hearing as well as the Pre-sentence Investigation that was done ***. Even despite that factor [Slavik's testimony at Wolfe's sentencing hearing], I think the facts and circumstances warranted the sentence that the Court imposed absent even that particular fact, had that not even come up."

The court denied the defendant's motion. It indicated that its concern when it sentenced defendant had been that defendant had committed other offenses for which he had not been brought before the court, namely, breaking into a car and obtaining a gun used in the present offense. Defendant then filed this timely appeal.

On appeal, defendant argues that the prosecution's assertions at defendant's hearing on his motion for reduction of sentence, specifically, that defendant's 12-year sentence was appropriate, in effect breached the original plea bargain in which the prosecution had promised to recommend a sentence of no more than eight years. We disagree.

The State initially claims that this issue is waived because defendant failed to include it in his motion to withdraw his guilty plea. However, in our opinion, a criminal defendant surrenders many substantial rights in pleading guilty, and the alleged conduct of a prosecutor in not complying with a plea bargain affects these rights. We choose, therefore, to address the issue as plain error under Supreme Court Rule 615(a) (103 Ill. 2d R. 615 (a)).

On appeal, defendant urges this court to hold that a prosecutor's promise to recommend a particular sentence forbids the prosecution from thereafter opposing a defendant's motion to reduce the sentence imposed in excess of that recommended. Our research reveals no State cases which deal directly with the prosecutor's duty to continue to follow a promise made in plea bargaining under facts similar to those presented here. Several Federal cases are instructive, however.

In *United States v. Ewing* (5th Cir. 1973), 480 F.2d 1141 (*per curiam*), the prosecutor agreed, *inter alia*, not to oppose the defendant's request for probation if the defendant pleaded guilty. At the sentencing hearing the court refused to grant probation. At a second hearing to consider defendant's request to reduce his sentence, the prosecutor vigorously opposed defendant's request for probation. The court ruled that both the sentencing hearing and the motion to reduce sentence proceedings were "integral parts of the sentencing process in this case. Surely when Ewing obtained the Government's promise not to oppose probation in exchange for his plea of guilty, he did so in the expectation that the benefits of that promise would be available throughout the proceedings relevant to the determination of his sentence." (480 F.2d 1141, 1143.) Thereafter, the court remanded the case to allow the motion to be heard by a different judge without government opposition to the probation. Defendant urges that *Ewing* controls this case. In our opinion, however, recent case law cautions that we confine *Ewing* to its facts, and, thus, we conclude that the prosecution did not break the promise it made to defendant at the original sentencing hearing.

■■ A plea bargain is a contract, the terms of which necessarily must be interpreted in light of the parties' reasonable expectations. (*United States v. Arnett* (9th Cir. 1979), 628 F.2d 1162, 1164-65.) The resolution of each case depends upon the essence of the particular agreement and the government's conduct relating to its obligations in that case. (*United States v. Mooney* (7th Cir. 1981), 654 F.2d 482, 486.) Indeed recent case law has determined that *Ewing* did not set up a *per se* rule extending a prosecutor's obligations regarding a sentencing recommendation to reduction proceedings. See *United States v. Johnson* (5th Cir. 1978), 582 F.2d 335, 337, *cert. denied* (1978), 439 U.S. 1051, 58 L. Ed. 2d 711, 99 S. Ct. 732.

■■ *Ewing* involved a promise that the government would not oppose defendant's request for probation, not that it would recommend a specific sentence. Thus, the facts of this case are more analogous to a case more recent than *Ewing, United States v. Mooney* (7th Cir. 1981), 654 F.2d 482, wherein defendant pleaded guilty in exchange for the prosecution's promise to recommend that the defendant receive a 10-year sentence. Although the prosecution made the recommendation at the sentencing hearing, the judge sentenced defendant to 25 years. Subsequently, the prosecution opposed defendant's motion to reduce his sentence. In *Mooney,* as here, the court warned that it was not bound to follow the prosecution's sentence recommendation. Considering the facts of the present case in light of *Mooney,* we do not regard

the prosecutor's conduct to have violated the plea agreement. As in *Mooney*, the plea agreement contained no explicit promise not to oppose a motion to reduce defendant's sentence. Similarly, the prosecutor did not make a further promise that after defendant was sentenced it would stand mute in the face of any efforts defendant might make to get his sentence reduced. In the present case, the prosecutor honored his commitment to make the agreed sentence recommendation at the sentencing hearing. In the absence of any indications that the parties expected the State not to oppose the motion to reduce, courts will hesitate to imply such a condition. *Brooks v. United States* (7th Cir. 1983), 708 F.2d 1280, 1282; *United States v. Mooney* (7th Cir. 1981), 654 F.2d 482, 486.

■■■ Defendant next contends on appeal that his 12-year sentence must be reduced as it is grossly disparate to the seven-year sentence received by his codefendant, Slavik. Specifically, defendant contends that the disparity cannot be justified given that he and the codefendant were similarly involved in the offense, the codefendant was older, and the codefendant had a more serious criminal record. Although the State initially responds that this issue was waived, we choose to address defendant's contention as plain error pursuant to Supreme Court Rule 615(a) (103 Ill. 2d R. 615(a)).

It is well settled that it is not the function of a reviewing court to serve as a sentencing court and absent an abuse of discretion, the sentence will not be disturbed on review. (*People v. Holloway* (1983), 119 Ill. App. 3d 1014, 1022, 457 N.E.2d 466.) At the same time, however, fundamental fairness and respect for the law require that defendants similarly situated should not receive grossly disparate sentences. (*People v. Cook* (1983), 112 Ill. App. 3d 621, 623, 445 N.E.2d 824.) "Similarly situated" refers to rehabilitation potential or the nature and extent of participation. (*People v. Earullo* (1983), 113 Ill. App. 3d 774, 792, 447 N.E.2d 925.) A disparity in sentencing may be supported, however, by a more serious criminal record or a greater participation in the offense than the individual with whom the defendant's conduct is compared. *People v. Maxwell* (1985), 130 Ill. App. 3d 212, 219, 474 N.E.2d 46.

At the time sentence was imposed, the trial judge noted that he had considered the defendant's juvenile record, the presentence report, and the impact on the victim. The trial judge stated that when he sentenced the defendant he had relied on the fact that defendant had worn a mask, brought a gun to the incident, and was the instigator. At the hearing on the motion to reduce, the trial judge again noted that defendant had carried a gun to the incident and had "com-

mitted charges" for which he was not brought before the court, namely, breaking into a car to obtain the gun.

■■ From our review of the record of the factual basis for the plea of guilty at the sentencing hearing, we conclude that the trial judge's findings were warranted and supported in the record. The trial judge believed the victim's testimony that the defendant was the instigator. Credibility assessments are the peculiar prerogative of the trier of fact. See *People v. Kline* (1982), 92 Ill. 2d 490, 505, 442 N.E.2d 154.

In addition, with regard to differences in criminal history, the record demonstrates that Slavik had previously been placed on supervision for a theft under $150. This is obviously less aggravating than had he actually been convicted of such an offense. In terms of actual convictions, Slavik's convictions include convictions for disorderly conduct, illegal possession of alcohol and driving while under the influence of alcohol. With regard to the defendant, the record shows that defendant had been placed on probation for committing criminal damage to property. He then had been placed in the Peoria Youth Farm, from which he had absconded in violation of court order. For this action defendant received a 30-day jail term. Thus, though younger than Slavik, defendant's record indicates a period of incarceration, a fact not found in Slavik's record.

■■ The differences in defendant's and Slavik's participation in the offense also justify the disparity in the sentences received by the two. The record demonstrates that defendant wore a mask, ran into the victim's home, pointed a gun at her, searched her purse, grabbed her son and pushed him outside. The record also demonstrates that defendant had obtained a gun by breaking into a car. In contrast, at Slavik's sentencing, the court specifically noted its reliance on Slavik's psychological evaluation which showed him to be a follower whose conduct could be induced by other persons.

Accordingly, for the reasons set forth above the judgment of the circuit court imposing a 12-year sentence on the defendant is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.