TAYLOR, Presiding Judge.
The appellant, Richard M. Hagedorn, pleaded guilty to trafficking in, and possession of, cocaine. He was sentenced to concurrent terms of 18 and 10 years.
Appellant questions the validity of his sentences. He argues that the prosecutor’s failure to recommend a reduced sentence was unconstitutional. Appellant further argues that the reason the recommendation was not made, appellant’s failure to “stay clean,” was cruel and unusual punishment.
Appellant contends in his brief on appeal that the requirement that he “stay clean” was unconstitutional. However, appellant failed to preserve this issue because he failed to bring this to the attention of the trial judge. Thus, this issue is deemed waived on appeal. See Reeves v. State, 456 So.2d 1156 (Ala.Cr.App.1984).
Appellant cites the case of State v. Drewry, 519 So.2d 591 (Ala.Cr.App.1987), for the proposition that the prosecutor’s failure to recommend a reduced sentence as provided for by § 20-2-81(b) was unconstitutional. Section 20-2-81(b) states:
“The prosecuting attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this article, section 20-2-80, except where the sentence is life imprisonment without parole, and who provides substantial assistance in the arrest, or in the conviction of any of his accomplices, accessories, coconspir-ators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance. Under no circumstances may the judge reduce or suspend the sentence except upon motion of the prosecuting attorney.”
Appellant contends on appeal that he rendered “substantial assistance” in apprehending his supplier, and that he therefore should have the benefit of § 20-2-81(b) when he is sentenced. According to Drew-ry, three conditions must be met before § 20-2-81(b) may be applied:
“First, there must be a defendant who has been found guilty or who has pleaded guilty to a trafficking offense. Second, the district attorney must have filed a motion under § 20-2-81(B), requesting that the sentencing court reduce or suspend the defendant’s sentence because of his having rendered assistance which the district attorney has determined to be *781 ‘substantial assistance.’ Third, the sentencing court must itself find, before applying the provisions of § 20-2-81(B), that the assistance rendered was in fact ‘substantial assistance.’ ”
Drewry, 519 So.2d at 594.
The court in Drewry further stated that before a trial court can reduce a sentence, a motion must be filed by the state. This was not done in the instant case.
The present case is very distinguishable from Drewry. In the instant case, testimony at the sentence hearing revealed that an agreement was reached between the police and the appellant. If the appellant helped the police catch his supplier and if he “stayed clean,” they would recommend to the prosecutor that he receive probation. The appellant did help the police catch his supplier; however, he was arrested on another drug charge while awaiting trial in this case. Defense counsel even stated in the record, “It’s my understanding that the state is not going to make a motion to the court under § 13A-12-232, paragraph B.”
As the State orally argued, the appellant breached his part of the contract he had with the police. Performance by the police was conditioned on the requirement that the appellant “stay clean.” As stated previously, while awaiting trial in the present case, he was arrested again for a drug offense. There is absolutely no indication in the record that the appellant believed any recommendation of leniency would be made by the state. In fact, there is evidence to the contrary. Appellant stated during his guilty plea hearing that he was not influenced by the state in any way to make a plea and that he was not promised anything in exchange for his plea. Defense counsel also stated in the record that appellant was pleading guilty because he was in fact guilty.
For the foregoing reasons this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.