John Lloyd Sides, Jr., pleaded guilty to trafficking in cocaine, a violation of § 20-2-80 (now codified at §13A-12-231), Code of Alabama 1975. Sides originally petitioned this court for a writ of mandamus, seeking to have a plea bargain agreement enforced in the circuit court. Relying on § 20-2-81(b), Code of Alabama 1975 (now codified in §13A-12-232(b)), this court denied the petition, stating that mandamus was not the correct action to bring because the appellant had not as yet been found guilty. The Alabama Supreme Court reversed and ordered that the writ be granted. The Supreme Court stated: "We simply hold that the defendant has the right to have the agreement made by the State and him considered by the court prior to the entry of a plea or conviction." Ex parte Sides, 501 So.2d 1262, 1264 (Ala. 1986). In accordance with the Supreme Court's decision, we remanded Sides's case to the circuit court so that a hearing could *Page 1234 
be held to determine if a plea bargain agreement did in fact exist. 501 So.2d 1264.
The circuit court held the required hearing. The testimony at the hearing on the plea bargain agreement established that an oral agreement existed. The trial court made the following finding concerning the plea bargain agreement: "If the defendant brought about an arrest of another that was equal to or greater than the offense with which he was charged, the District Attorney's office would consider moving the Court for probation and suspension of fine." The trial court also made the following finding concerning whether the appellant had substantially performed his part of the plea agreement. The trial court stated:
 "This Court finds that although the law enforcement officials did not help the defendant all they could or should have, this Court is unable to find as a fact that law enforcement officials prevented the defendant from bringing about a drug related arrest of an equal or greater offense than the one [with] which the defendant was charged."
The trial court also found that the police did not prevent the appellant from living up to his part of the agreement.
After the trial court's order, the appellant withdrew his plea of not guilty and entered a plea of guilty. He was sentenced, upon recommendation of the state, to three years in prison and was ordered to pay $50,000 in restitution. This appeal follows.
The appellant argues that the plea bargain agreement should have been enforced, contending that the police prevented him from fulfilling the plea bargain agreement. Thus, the appellant argues that the trial court abused its discretion in finding that the police did not prevent his performance on the agreement.
We start with the premise that this court will not disturb the decision of the trial court, in relation to the findings concerning the plea bargain agreement, unless a clear abuse of discretion has been shown. See McKee v. State, 253 Ala. 235,44 So.2d 781 (1949).
 "This Court will not interfere with the trial court's exercise of discretion unless a clear abuse in the exercise of that authority has been shown. Woods v. State, 367 So.2d 982, 984
(Ala. 1978). The trial judge's actions are presumptively correct in the absence of a showing to the contrary. Ballard v. State, 236 Ala. 541, 542, 184 So. 260 (1938). On appeal, error is not presumed and the party claiming that a trial judge has abused his discretion has the burden of persuasion. [Citation omitted.]"
Gratton v. State, 456 So.2d 865, 872 (Ala.Cr.App. 1984).
After careful review of the facts, we find that no abuse of discretion exists here.
Initially, we note that a plea agreement does not have to be in writing to be enforceable. " 'A plea bargain is a matter of honor between opposing counsel. It is not reduced to writing.' " Ex parte Yarber, 437 So.2d 1330, 1336 (Ala. 1983). Plea bargaining is "not to be frowned upon." Clark v. State,294 Ala. 485, 318 So.2d 805 (1974).
The Supreme Court of the United States in Santobello v. NewYork, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), recognized the importance of plea bargain agreements and stated:
 "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."
Santobello, 404 U.S. at 262, 92 S.Ct. at 499.
Plea bargaining in certain drug cases is specifically provided for by § 13A-12-232(b), Code of Alabama 1975:
 "The prosecuting attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this article, section 13A-12-231, except where the sentence is life imprisonment without parole, and who provides substantial assistance in the arrest, or in the conviction of any of his accomplices, accessories, co-conspirators, or principals. The arresting agency shall be given an opportunity *Page 1235 
to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance. Under no circumstances may the judge reduce or suspend the sentence except upon motion of the prosecuting attorney."
According to State v. Drewry, 519 So.2d 591
(Ala.Cr.App. 1987), three conditions must be met before §13A-12-232(b) may be applied (we note that Drewry was decided under § 20-2-81(b)):
 "First, there must be a defendant who has been found guilty or who has pleaded guilty to a trafficking offense. Second, the district attorney must have filed a motion under § 20-2-81(b), requesting that the sentencing court reduce or suspend the defendant's sentence because of his having rendered assistance which the district attorney has determined to be 'substantial assistance.' Third, the sentencing court must itself find, before applying the provisions of § 20-2-81(b), that the assistance rendered was in fact 'substantial assistance.' "
Drewry, 519 So.2d at 594.
As stated above, Sides argues that the police prevented him from performing his part of the agreement. He points to several specific instances where he says this occurred. His testimony concerning his assistance is contradicted by the testimony of the police officers.
Appellant first asserts that the police prevented him from rendering assistance by changing the meeting place for a drug buy, thereby exciting the suspect. The location for the buy was changed from a desolate road to a hotel room. The appellant maintains that the change in locations made the targeted suspect of the "bust" nervous and resulted in his not bringing the prohibited substances with him. When the bust was made, only one valium tablet was found on the person of the suspected dealer. The appellant contends that the sudden change in location is the reason the suspected seller did not bring the merchandise with him. The record is in agreement in this instance that the appellant did render "substantial assistance" in the apprehension of this individual, who was found with one pill, thought to be a quaalude, but later identified as valium. The State argues that this conduct was insufficient to live up to the plea bargain agreement that Sides bring about a drug-related arrest of an equal or greater degree than the one for which he was charged. This shows a good faith effort on the part of the appellant to perform his part of the plea bargain agreement, but also shows his failure to satisfy the contract as agreed. A fine line exists between whether the police helped or hindered the appellant in his attempt to bring about the drug arrest.
Appellant next asserts that he provided information to Officer Robertson of the Tuscaloosa Police Department, that a certain individual possessed approximately 25 pounds of marijuana. Officer Robertson stated at the hearing that the appellant first called him, saying that he knew of someone that had 25 pounds of marijuana. Robertson then asked if he had actually seen the marijuana. The appellant said no. The appellant himself testified at the hearing that he had seen the marijuana. Robertson then said that the appellant might have also told of the same person possessing approximately a pound of marijuana, but that the appellant also said that if the police arrested the individual, that it would put "heat" on the appellant and for that reason, no arrest was made based on this information. The police were interested in arresting a particular known drug dealer in the area. None of appellant's information furthered this goal. This is another example of where the appellant attempted to render assistance but did not produce the results that the plea bargain agreement required.
Appellant also points to the arrangement of the sale of one kilo of cocaine from dealers in Macon County. Officer Robertson stated in the record that he was willing to provide the "flash money" in this instance, but that this deal "never panned *Page 1236 
out." Appellant's recollection of this instance conflicted with that of Officer Robertson. Several other proposed buys never panned out. Once again these facts present a borderline case between aiding and hindering the appellant's ability to perform.
Appellant further states that he purchased $2,600 worth of cocaine with his own money going across 5 counties and that the "buys" were sufficient to meet the requirements of his agreement. Officer Robertson stated at the hearing that the appellant notified him of his actions but that the Tuscaloosa Police Department did not make any arrests based on these events because, 1) the department could not finance the drug buys at that time, and 2) appellant's actions were not within their jurisdiction. Here again the State's actions border between a help and a hindrance to the appellant.
"We start with the recognition that in a plea bargain such as the one before us 'the governments's obligation to make a recommendation arises only if defendant performs his obligation.' " Kresler v. State, 462 So.2d 785, 788
(Ala.Cr.App. 1984). See also Hagedorn v. State, 570 So.2d 780
(Ala.Cr.App. 1990). Thus a form of contract law has been applied to plea bargain agreements. See Kresler, citing United Statesv. Calabrese, 645 F.2d 1379 (10th Cir.), cert. denied,451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981). Many states have analogized plea bargain agreements to contract law. See Statev. Riley, 242 N.J. Super. 113, 576 A.2d 39 (1990); State v.James, 35 Wn. App. 351, 666 P.2d 943 (1983); State v.Rutherford, 107 Idaho 910, 693 P.2d 1112 (1985); Ex parteWilliams, 637 S.W.2d 943 (Tex.Cr.App. 1982), cert. denied,462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983). See also,State v. Yoon, 66 Haw. 342, 662 P.2d 1112 (1983) (here contract law and constitutional law were used in evaluating plea agreement).
Once a defendant agrees to the contract, "he and the state are bound to carry out each side of the bargain." Swanson v.State, 692 S.W.2d 548, 549 (Tex.App. 1985). "An implied condition exists that circumstances surrounding the bargain will remain substantially the same; a subsequent change is sufficient to relieve the state of its obligation." 21 Am.Jur.2d Criminal Law § 485 (1981).
Using the principles borrowed from contract law, we note that in every contract there is an implied covenant that each party will use good faith in performing his part of the agreement. See J. Calamari, Contracts, §§ 11-38 at 509 (3d ed. 1987). "Once defendant's good faith compliance is established, the State must fulfill its part of the bargain and its failure to do so constitutes a per se bad faith prosecution." State v.Riley, 242 N.J. Super. 113, 576 A.2d 39, 42 (1990). We note that "[t]he resolution of each case depends upon the essence of the particular agreement and the government's conduct relating to its obligations in that case." People v. Wolfe, 156 Ill. App.3d 1023,109 Ill.Dec. 524, 527, 510 N.E.2d 145, 148 (1987).
Although each instance described above is said by appellant to constitute bad faith on the part of the police department, the circuit court rules otherwise. It is a fine line that divides good faith from bad faith. We hold in the instant case that the officer's conduct does not cross that line; however, we note that there may be cases where the state's action will constitute bad faith and thereby result in a violation of the contract or plea bargain agreement. If that happens, the relief sought would be "specific performance of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case." Ex parte Williams, 637 S.W.2d 943
(Tex.Cr.App. 1982), cert. denied, 462 U.S. 1108, 103 S.Ct. 2458,77 L.Ed.2d 1336 (1983). See, Westen, A Constitutional Law ofRemedies for Broken Plea Bargains, 66 Calif. L. Rev. 471 (1978). "A plea agreement is generally treated as a contract; as such, it may be breached. If the defendant breaches a plea agreement, it is considered void . . .," 78 Geo.L.J. 999 (1990). If we were to say that the government was exempt from performing its part of the agreement, we would undermine the value of the plea bargain agreement. "At *Page 1237 
stake is the honor of the Government, public confidence in the fair administration of justice, and the efficient administration of justice." People v. World, 121 Misc.2d 148,467 N.Y.S.2d 978, 985 (Sup. 1983).
The trial court determined that a plea bargain agreement did exist, but that the appellant had not fulfilled his part of the bargain. " 'The [trial] court is in the best position to ascertain the facts, assess the intent of the parties under the plea agreement and, if it was breached, to exercise its discretion and fashion an appropriate remedy.' "Kresler, 462 So.2d at 789; citing United States v. Swinehart,614 F.2d 853, 859 (3d Cir.), cert. denied, 449 U.S. 827,101 S.Ct. 90, 66 L.Ed.2d 30 (1980). We cannot say, after reading the lengthy conflicting testimony at the hearing, that the trial court erred in not enforcing the plea bargain agreement.
Since the appellant did not perform his part of the bargain, the State was not obligated to perform its part of the agreement. See Hagedorn, supra; Kresler, supra; United Statesv. Simmon, 537 F.2d 1260 (4th Cir. 1976). As stated above, before we reverse on a discretionary issue, such as that involved in the instant case, there must be a clear abuse of that discretion. No such abuse exists here.
Appellant further argues that he should be resentenced, because, he contends, he relied on the agreement to his detriment. Specifically, he argues that the state should recommend leniency. The trial court, after conducting a hearing, stated that the following agreement existed: "If the defendant brought about an arrest of another that was equal to or greater than the offense with which he was charged thedistrict attorney's office would consider moving the Court forprobation and suspension of fine." It appears after a review of the record that the prosecutor did consider whether his office would make a recommendation of probation. However, he chose not to make any recommendation. We cannot say from the facts of this case that this was error.
For the foregoing reasons, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., who concurs in result only with opinion.