### STATE of Delaware

v.

### Melvin R. HOWINGTON, Defendant.

Superior Court of Delaware,
New Castle County.
Submitted: Jan. 17, 1986.
Decided: April 8, 1986.

---

Mark W. Bunitsky, Dept. of Justice, Wilmington, for State.

Paul S. Swierzbinski, Wilmington, for defendant.

GEBELEIN, Judge.

The defendant in this case, Melvin R. Howington, was sentenced by the Court on December 13, 1985 on three charges to which he had entered a plea of guilty on September 3, 1985.[1] The terms of the plea agreement entered into between defendant and the State of Delaware indicated that the State would request a sentence to a mandatory minimum term of incarceration pursuant to 16 *Del.C.* § 4753A(a)(4)a. of three years. As part of the plea agreement, the defendant agreed to testify against his co-defendant, Alfonso Santiago.

At the time of sentencing, the State through its prosecutor recommended to the Court a term of two years mandatory incarceration for the defendant stating that his testimony had been of substantial assistance in convicting his co-defendant of two trafficking charges, a possession charge and a conspiracy charge. The Court at sentencing indicated that it did not believe that a sufficient showing had been made under 16 *Del.C.* § 4753A(c) to enable the Court to impose less than the mandatory sentence required by the General Assembly for violation of this Trafficking statute.[2]

The defendant has moved the Court for a hearing to determine whether evidence exists to support his sentence being reduced to that recommended at sentencing by the Attorney General. That hearing was held and a record compiled.

The Delaware Drug Trafficking Law, patterned after that enacted by Florida, was adopted in 1981. The purpose of the act and the severe penalties imposed is clearly that stated by the Supreme Court in *Traylor v. State*, Del.Supr., 458 A.2d 1170 (1983):

Drug trafficking now generates profits in the billions of dollars for those involved in it, and the large mandatory fines are a legitimate effort to undercut these enormous, but illegal profits. Delaware's law is also designed to aid law enforcement officers in their investigation and prosecution of the drug traffic regardless of where a defendant may stand in the distribution chain. Thus, the statutory penalties are calculated to provide a strong incentive for violators to cooperate with the police, becoming eligible in the process for a sentence reduction under 16 *Del.C.* § 4753A(c). *Id.*, at 1178.

The procedure for calling the reduced penalty into practice is set forth in the law itself:

The Attorney General may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and

---

1. The charges were: 1.) Trafficking in Methamphetamine, 16 *Del.C.* § 4753A(a)(4)a., 2.) Delivery of Methamphetamine, 16 *Del.C.* § 4752, and 3.) Conspiracy Second Degree, 11 *Del.C.* § 512.

2. The Court imposed a minimum mandatory sentence of three years for the trafficking charge, five years suspended for four years probation for delivery, and four years suspended for four years probation for conspiracy.

*who provides substantial assistance* in the identification, arrest or conviction of any of his accomplices, accessories, co-conspirators or principals. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered *such substantial assistance.*

16 *Del.C.* § 4753A(c) (Emphasis added.)

This procedure clearly envisions a two-step process before the more lenient sentence may be imposed for a violation of the Trafficking Law.

First, the Attorney General, exercising his discretion, must file a motion [3] requesting the Court to sentence pursuant to § 4753A(c).

Second, the Court must actually find, after hearing the evidence, or proffer of evidence, that the defendant did in fact render "substantial assistance" in the identification, arrest or conviction of his accomplices, accessories, co-conspirators or principals. That is to say that the Court must make an express finding that such substantial assistance was rendered by the defendant before the penalties mandated by the General Assembly may be suspended or reduced.

The Courts of Florida have had some experience with this type of statute and have interpreted the procedure involved. The Florida Circuit Court has held that the sentencing court may not reduce a mandatory sentence where there has been no motion by the State's Attorney. *Morris v. State,* 456 So.2d 471, 480 (Fla.App. 3rd Dist.1984). Likewise, the State's Attorney in filing the motion cannot usurp the sentencing function of the Judiciary. *State v. Benitez,* Fla., 395 So.2d 514, 519 (1981). The decision upon whether the reduced sentence shall be imposed remains a judicial decision. *Id. See also, State v. Thebeau,* Fla., 405 So.2d 973 (1981).

In this particular case, although the Attorney General had made a motion at the time of sentencing indicating that it was his belief that the defendant had rendered substantial assistance in the conviction of his co-defendant, the Court did not so find and imposed the mandatory sentence required by law.

■ After a hearing granted upon defendant's motion, the Court remains unconvinced that the defendant has rendered substantial assistance as required by the statute. In reaching this conclusion, the Court is aware that the word "substantial" is "a relative and not exact term subject to a rule of thumb." *Smith v. City of Fort Dodge, Iowa,* Iowa Supr., 160 N.W.2d 492, 498 (1968). It is a term that must be examined in the context in which it is used. *Id.*

The commentators have noted that the word "substantial" as an adjective:

... has reference to something worthwhile as distinguished from something without value or merely nominal, and it imports a considerable amount of value in opposition to that which is inconsequential or small, and in this sense is defined as meaning of real worth and importance. 83 C.J.S. *Substantial,* p. 762.

The common dictionary definition of the term "substantial" includes the following: "consisting of or relating to substance ... IMPORTANT, ESSENTIAL ... considerable in quantity ...". *Webster's Ninth New Collegiate Dictionary,* p. 1176 (1983).

Thus, the Court concludes that "substantial assistance" is that assistance which is worthwhile, having considerable value, important or essential; rather than that which is inconsequential, lacking in value or nominal.

■ The defendant in this case did testify against his co-defendant at trial. The

---

**3.** In some cases the motion is made orally at the time of sentencing. In any event, the statute clearly requires the Court to conduct a hearing either in open court or in camera to establish the factual basis necessary to invoke the provisions of 16 *Del.C.* § 4753A(c).

sentencing Judge also presided over that trial and was aware of the evidence presented. At the co-defendant's trial, the State produced an undercover police officer who testified as to the direct transfer of drugs involved. The State further introduced evidence of a tape recording of the incident in question. This defendant did testify at the trial as to his participation with his co-defendant on one count of trafficking and the conspiracy charge. His testimony corroborated that of the police officers and the physical evidence (tape recording) introduced against his co-defendant.

The Court believes that while defendant's testimony was of some value, it was not of considerable value to the prosecution and conviction of the co-defendant. It clearly was not essential to that prosecution. In addition, the actual value of the testimony was further weakened by defendant's status as a previously convicted felon. This Court is not convinced that this defendant provided substantial assistance to the conviction of his co-conspirator.

This is not to say that in a proper case testimony by one co-defendant against another could not rise to the level of substantial assistance. It could well be that such testimony could be crucial to the case. In the proper case, a co-defendant's testimony might be the essential evidence required to convict. In that case, "substantial assistance" would be established. In this case, however, the testimony was cumulative at best and clearly not essential nor of major importance to the State's case.

Likewise, a co-defendant could provide substantial assistance by providing information to the State to enable the arrest of a co-defendant who otherwise might escape the jurisdiction. A co-defendant could assist the State in finding physical evidence that could be crucial to a prosecution. There are many ways in which substantial assistance could be rendered and that is why the General Assembly has required the Court to decide this issue on a case by case basis.

Finally, the Court is not convinced that even had the defendant provided "substantial assistance" toward the conviction of his co-defendant, such assistance would have justified a reduction in his sentence. The nature of this defendant's involvement in the sale of drugs in these cases and his previous record of drug involvement would strongly argue for at least the minimum mandatory sentence. Drugs and drug trafficking remain a serious problem. This defendant has played a substantial role in that problem.

Defendant's motion for a modification of his sentence be and is denied.

IT IS SO ORDERED.