490 So.2d 239 (1986)
STATE of Florida, Appellant,
v.
Pedro John CUESTA, Appellee.
No. 85-636.
District Court of Appeal of Florida, Second District.
June 27, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
SCHEB, Acting Chief Judge.
The state appeals the trial court's refusal to impose a mandatory minimum sentence on defendant Pedro John Cuesta for his conviction for trafficking in cocaine.
Defendant entered a plea of no contest to the trafficking charge, leaving defendant's sentence to the discretion of the trial judge. At the sentencing hearing, the state noted it had discussed with defendant the possibility of his rendering substantial assistance pursuant to section 893.135(3), Florida Statutes (1983). The state said that defendant had not been diligent in his efforts to provide assistance to the police. As a result, the state did not file a motion with the court suggesting that defendant had rendered substantial assistance within the meaning of the statute.
Over the state's objection, the trial court placed defendant on seven years' probation, directing that he serve six months in county jail followed by two years' community control. The court also ordered defendant to complete 100 hours of community service for each year of community control and pay $1,500 in court costs within five years.
Defendant's conviction for trafficking in cocaine called for a mandatory minimum sentence of three years' imprisonment. § 893.135(1)(b)(1), Fla. Stat. (1983). The sentencing court lacked the authority to reduce the defendant's mandatory minimum sentence since the state did not file a motion for reduction of sentence based on the defendant's providing substantial assistance to law enforcement. § 893.135(3); State v. Bateman, 423 So.2d 577 (Fla. 2d *240 DCA 1982), petition for review denied, 446 So.2d 97 (Fla. 1984).
Accordingly, we affirm defendant's conviction but vacate his sentence. On remand the trial court shall resentence defendant, such resentence to include a three-year mandatory minimum sentence.
DANAHY and HALL, JJ., concur.