504 So.2d 1252 (1986)
Joseph Wooten MACK, Appellant,
v.
STATE of Florida, Appellee.
No. BK-435.
District Court of Appeal of Florida, First District.
October 2, 1986.
Daniel A. Smith, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Mack appeals from his three-year mandatory minimum sentence and fine imposed under Section 893.135(1)(b) 1, Florida Statutes (1983), the appellant contending that the trial court should have granted him relief from such mandatory minimum sentence by reason of his having provided "substantial assistance" within the meaning of Section 893.135(3).[1] We affirm.
*1253 Among appellant's contentions is that he had, after pleading guilty to trafficking in cocaine and before sentencing, cooperated with the investigating officers and prosecuting attorney by giving statements implicating his codefendants and by making himself available to testify at the trial of such codefendants. Although he was subpoenaed by the state as a witness in such trial, he was never actually called to testify.
Appellant also complains that the state abused the provisions of Section 893.135(3) in that, during the interim between his guilty plea and sentencing, the law enforcement officers enlisted the appellant's cooperation in unsuccessful efforts to make new drug cases against persons other than those categories described in Section 893.135(3), i.e. "his accomplices, accessories, coconspirators, or principals."
On the day of sentencing, appellant presented testimony establishing his above referred assistance and cooperation and asserted the right, notwithstanding the states's refusal to move the court to suspend or reduce the sentence as contemplated by Section 893.135(3), to insist upon such suspension or reduction of the mandatory minimum sentence.
We disagree with appellant's contentions. Absent a motion by the state attorney pursuant to subsection (3), supra, the sentencing court lacks authority to suspend or reduce the mandatory minimum sentence. State v. Cuesta, 490 So.2d 239 (Fla. 2nd DCA 1986); State v. Bateman, 423 So.2d 577 (Fla. 2nd DCA 1982). Broad discretion must be accorded state attorneys in the determination of whether to initiate a request for suspension or reduction under subsection (3). State v. Werner, 402 So.2d 386 (Fla. 1981). In fact, appellant recognized as much at the time of the entry of appellant's guilty plea. During the plea dialogue, in response to the trial court's statement that the parties should not expect the court at sentencing to adjudicate any question as to whether the appellant had in fact rendered "substantial assistance" under subsection (3), appellant's counsel stated:
Mr. Smith: The threshold that has to be passed first is for the state to recommend to the court that substantial assistance has been rendered. Unless that takes place, the court does not have any discretion. The legislation has taken that away.
The Court: As long as you all understand that.
Mr. Smith: That's right, we do, your honor.
Although it has been indicated that prosecutorial "overreaching" or "abuse" in dealing with subsection (3) may entitle a defendant to relief, State v. Bateman, supra, and State v. Werner, supra, the fact that the state saw fit not to call the appellant as a witness in the trial of his codefendants, notwithstanding appellant's above referred cooperation, does not, in our view, constitute such overreaching or abuse by the state attorney. Likewise, the fact that, while the appellant was on bond pending sentencing, the investigating officers solicited the appellant's assistance in attempting to make new drug cases against persons who were not accomplices, accessories, coconspirators, or principals in the subject case, does not entitle the appellant to a sentence suspension or reduction under subsection (3).
The appellant also contends that the state's action and conduct constituted a breach of the plea agreement under which his plea of guilty was entered. Under the plea agreement, appellant agreed to enter a plea of guilty to the trafficking count. In exchange therefor, the state agreed to nol pros the second count (a conspiracy charge) and to recommend that the court impose a sentence of 3 1/2 years which was the lower end of the sentencing guidelines range. Although the parties understood that Section 893.135(1)(b) 1. provided for a mandatory minimum sentence of three years, the agreement stated that "in the event the defendant renders `substantial assistance' *1254 per F.S. 893.135(3), any such assistance to be made known to the court." As earlier noted, however, it would appear that the parties expressly understood that, under Section 893.135(3), a prerequisite to the trial court's suspension or reduction of the mandatory minimum sentence was the filing of a motion to that effect by the state, the decision therefor to be unilaterally determined by the state.
Even if it can be said that the appellant pled guilty under the mistaken belief that he would be entitled to have the trial court determine, notwithstanding the absence of a motion therefor by the state, whether the appellant had rendered substantial assistance, the appellant's remedy would be the withdrawal of his plea of guilty and a reinstatement of his earlier not guilty plea. Compare Campbell v. State, 453 So.2d 525 (Fla. 5th DCA 1984) (held that trial court erred in denying defendant's motion to withdraw guilty plea negotiated under erroneous interpretation of Section 893.135(3)); see also Noon v. State, 480 So.2d 668 (Fla. 4th DCA 1986). At no time has appellant sought to withdraw his plea of guilty.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Section 893.135(3) provides:

(3) The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.