FRANK, Judge.
The appellant, who pleaded nolo conten-dere to trafficking in cocaine and conspiracy to traffic, has appealed from the imposition of concurrent mandatory minimum sentences on the ground that he provided substantial assistance to law enforcement officials. The state has cross-appealed from the sentence, which was below the guidelines recommended range for the offense Moore committed. We reverse and remand for resentencing.
Moore’s point on appeal is meritless. Although the prosecutor did not move for mitigation of the minimum mandatory sentence pursuant to the substantial assistance statute, § 893.135(3), Fla.Stat., he acted well within his discretion. At the time of his arrest Moore identified the “supplier” of the cocaine and later gave deposition testimony against him. He also assisted the police department in arranging another, separate transaction. In spite of his demonstrated willingness to help the police, the prosecutor did not move for mitigation, partly because the police knew the supplier before Moore identified him; thus Moore did not render substantial assistance within the meaning of section 893.135(3). Furthermore, his help with unrelated transactions does not qualify him for leniency under- that statute.
A prosecutor may exercise broad discretion in the determination to request reduction of a sentence below a minimum mandatory on the grounds of substantial assistance. State v. Werner, 402 So.2d 386 (Fla.1981); Mack v. State (Fla. 1st DCA October 2, 1986). [11 F.L.W. 2093]. The court is not empowered to reduce the sentence below the minimum mandatory absent the state’s motion. State v. Cuesta, 490 So.2d 239 (Fla.2d DCA 1986); State v. Bateman, 423 So.2d 577 (Fla.2d DCA 1982). Although the courts have recognized that “[pjrosecu-torial overreaching in a. particular factual scenario might render [the substantial assistance statute] unconstitutional as applied,” Bateman, 423 So.2d at 578, no such setting presents itself here. The record in its entirety, particularly the exchange among the prosecutor, the judge, Moore and his attorney at the taking of the plea, reflects no prosecutorial impropriety.
The state’s cross-appeal from the trial court’s order departing downward from the guidelines recommended range of 5½ to 7 years does have merit. The trial court stated three reasons for departure, two of which are invalid. One of the defective reasons was the trial court’s conclusion that Moore had provided substantial assistance pursuant to section 893.135(3). This reason was not supported by the record and was contradicted by the court’s earlier finding that Moore in fact had not rendered substantial assistance. Reasons for departure are not clear and convincing unless they are credible and proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla.1986).
The trial court also departed for the reason that both crimes arose out of the same transaction, and but for the addition of 27 points for the second conviction the sentence would have been substantially lower. This reason is nothing more than the trial court's substitution of its judgment as to the sufficiency of the guidelines punishment and will not support departure. Scurry v. State, 489 So.2d 25 (Fla.1986); Williams v. State, 492 So.2d 1308 (Fla.1986).
Finally, the trial court referred to Moore’s cooperation with law enforcement officials on other matters as a reason to lessen the severity of his sentence. Moore’s conduct, which fell outside the sub *1005 stantial assistance statute, does provide some indication of his willingness to further society’s interest in stopping the kind of criminal behavior in which he had been involved. This reason, which is supported by the record, cannot be factored into the scoresheet and appears to be a clear and convincing reason to mitigate the sentence. However, Moore has not shown beyond a reasonable doubt that the court would have departed had it not considered the impermissible reasons for departure. Albritton v. State, 476 So.2d 158 (Fla.1985).
Accordingly, we reverse and remand for resentencing.
CAMPBELL A.C.J., and LEHAN, J., concur.