SHIVERS, Judge.
The appellee in this case, Sylvester Andre Stevens, entered a plea of nolo conten-dere to one count of trafficking in cocaine in exchange for the State’s dismissal of one count of carrying a concealed firearm. At the sentencing hearing held on February 3, 1986, the prosecutor stated that in the event Stevens rendered substantial assistance leading to either the arrest or conviction of his coconspirators, the State might move to mitigate his sentence pursuant to section 893.135(3).[1] The State explained, however, that it would be the sole determiner of whether Stevens had rendered substantial assistance. Stevens was then sentenced on Count I to five years’ imprisonment with a statutory mandatory minimum of three years and a $50,000 fine.
On March 27, 1986, appellee filed a petition for reduction or modification of sentence pursuant to Rule 3.800(b), Fla.R. Crim.P., stating as grounds that he had rendered substantial assistance to federal authorities and was ready, willing and able to render assistance to the State. At the final hearing on the petition, the State argued against reduction of Stevens’ sentence on the basis that Stevens had chosen to cooperate first with the federal authorities and had no information left which would be helpful to the State. On May 9, 1986, the trial court entered an order granting Stevens’ petition and eliminating the three-year mandatory minimum portion of his sentence on the basis that Stevens had been willing to cooperate with the State and that the State’s failure to recommend a sentence reduction was unjust. The court also found that the State had waived its right to recommend a sentence reduction by failing to do so within sixty days of sentencing, thus allowing the court the authority to act on appellee’s petition.
Subsequent to the trial court’s order sub judice, this court held, in Mack v. State (Fla. 1st DCA 1986), opinion filed October 2, 1986 [11 F.L.W. 2093] that “absent a motion by the state attorney pursuant to [section 893.135(3) ] the sentencing court lacks authority to suspend or reduce the mandatory minimum sentence.” 11 F.L.W. at 2093. We must, therefore, reverse the trial court’s ruling that it had the authority to act on ap-pellee’s petition absent a recommendation *290 for reduction by the State. See also State v. Cuesta, 490 So.2d 239 (Fla. 2d DCA 1986) and State v. Bateman, 423 So.2d 577 (Fla. 2d DCA 1982).
Although the Mack decision recognizes that prosecutorial overreaching or abuse in dealing with section 893.135(3) may entitle a defendant to relief,[2] the State has not acted improperly in this case. Instead, it has merely exercised its broad discretion under subsection 3 to determine that Stevens had no information which would be of benefit to the State.
Accordingly, the trial court’s order granting appellee’s petition for reduction of sentence is reversed and the matter is remanded to the trial court with instructions that Stevens’ original sentence be reinstated.
MILLS and JOANOS, JJ., concur.

. Section 893.135(3), F.S. provides as follows:
(3) The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance.

. See State v. Bateman, supra, and State v. Werner, 402 So.2d 386 (Fla.1981).