510 So.2d 643 (1987)
STATE of Florida, Appellant,
v.
Manuel SUAREZ, Appellee.
No. 86-2991.
District Court of Appeal of Florida, Second District.
July 29, 1987.
*644 Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellant.
Robert H. Carlton of Robert H. Carlton, P.A., Tampa, for appellee.
HALL, Judge.
The state appeals the sentence of the appellee, Manuel Suarez, contending that the trial court erred when it found substantial assistance and mitigated the sentence imposed on Suarez without a motion from the state attorney. We agree.
Suarez entered a plea of nolo contendere to the charges of possession, delivery, and conspiracy to traffic in cocaine with the understanding that a substantial assistance agreement had been worked out with the state. Prior to the sentencing hearing, Suarez had offered to supply the state with certain information regarding his coconspirators, and the assistant state attorney had agreed to have the sentence reduced in return for the information. Suarez provided the information, but since the assistant state attorney could not get the approval of his superiors to the agreement, he refused to file a substantial assistance motion allowing the court to mitigate the sentence. At the hearing, defense counsel argued that Suarez had upheld his part of the bargain and was entitled to a mitigated sentence under section 893.135(3), Florida Statutes (1985). The trial court adjudicated Suarez guilty, and over the state's objection, found that Suarez had provided substantial assistance, and sentenced Suarez to five years' probation for possession, fifteen years' probation for delivery of cocaine, and fifteen years' probation for conspiracy to traffic in cocaine.
Section 893.135(3) provides that the state may move to have a defendant's sentence reduced or suspended if the defendant provides substantial assistance in the identification, arrest, or conviction of any of his accomplices or coconspirators. The trial court found that Suarez had provided substantial assistance pursuant to an agreement with the state and therefore was entitled to a reduced sentence. We find this to be error since a mitigated sentence may be given upon a finding of substantial assistance only after a motion has been made by the state. State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982). However, since Suarez was led to believe that an agreement had been reached and had provided assistance on that premise, he should have been able to withdraw his plea of nolo contendere when the assistant state attorney was unable to uphold his part of the plea agreement. See McBride v. State, 508 So.2d 757 (Fla. 4th DCA 1987).
In addition, there was some confusion as to which charges Suarez pled nolo contendere. The record reflects that defense counsel stated he thought the trafficking charge had been dropped since there was less than 28 grams of cocaine involved and that the trial judge acknowledged the confusion surrounding the entry of the plea.
While we agree with the state that the trial court could not find substantial assistance and mitigate Suarez' sentence, we note that Suarez entered his plea on the basis of the agreement with the state. Because of the state's failure to honor the agreement and the confusion as to the plea, the trial court must allow Suarez the opportunity to withdraw his plea and proceed to trial.
Reversed and remanded with directions consistent with this opinion.
SCHEB, A.C.J., and FRANK, J., concur.