PETITION FOR WRIT OF MANDAMUS
This is an original petition for writ of mandamus filed by the Attorney General for the State of Alabama seeking to compel the Circuit Court of Tuscaloosa County to *Page 592 
set aside its order granting probation to a defendant convicted of trafficking in marijuana.
In September of 1984, John Norwood Drewry pleaded guilty and was convicted of trafficking in cannabis in violation of Alabama Code 1975, § 20-2-80. Thereafter, Drewry's attorney contacted the District Attorney's Office in Tuscaloosa County in an effort to secure probation or a reduced sentence for his client.
The particular facts surrounding any assistance Drewry may or may not have given law enforcement in an effort to secure probation will not be revealed inasmuch as the trial court has ordered that "the records in this case be . . . sealed and not . . . released without court order."
At the sentencing hearing, the Assistant District Attorney refused to recommend probation and opposed Drewry's receiving any consideration under § 20-2-81(b). However, the sentencing judge found that Drewry was "entitled to consideration for probation" and sentenced him to six years' imprisonment, which he suspended and ordered Drewry placed on probation after serving sixty days in the county jail. Drewry was also fined $25,000 and ordered to pay $25 to the Victims' Compensation Fund.
The Attorney General filed the petition for writ of mandamus in this Court contending that a sentencing judge is not authorized to grant a person convicted of trafficking in cannabis under § 20-2-80(1)(a), a reduced sentenced or probation under § 20-2-81(b) absent an appropriate motion by the District Attorney.
The controlling statute is § 20-2-81, Alabama Code 1975, which provides:
 "(a) Notwithstanding the provisions of chapter 22, Title 15, [pardons, paroles and probation] with respect to any person who is found to have violated this article, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for parole prior to serving the mandatory minimum term of imprisonment prescribed by this article.
 "(b) The prosecuting attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this article, except where the sentence is life imprisonment without parole, and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance."
In sentencing Drewry and in granting probation, the sentencing judge issued the following written order, dated January 12, 1987:
 "This cause came to be heard on Defendant's motion to consider his application for probation under Code of Alabama, Title 20-2-81(b), which provides in part:
 " 'the prosecuting attorney may move the sentencing court to reduce or rescind the sentence of any person who is convicted of a violation of this article who provides assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principles . . .'
 "The wording of the foregoing statute is couched in disjunctive terms as opposed to conjunctive terms as to the wording 'identification, arrest, or conviction.' This court interprets the disjunctive wording as opposed to the conjunctive wording to mean that substantial assistance is required in only one area; i.e., identification or arrest or conviction, in order for the defendant to have a right to be considered for the benefit of the section.
 "There are no Alabama cases defining the words 'substantial assistance.' Black's Law Dictionary defines the word 'substantial' as, among other things, valuable, real, solid, verifiable. Black's Law Dictionary further defines the word 'assistance' as 'to help.' The Defendant *Page 593 
at the hearing presented evidence of the efforts he had made under the statute by identifying his supplier of drugs as well as attempts, though unsuccessful, to set up a buy with the supplier for the purpose of effecting the supplier's arrest. Since the defendant did comply with at least one of the disjunctive criteria, he is found to be entitled to consideration for probation. The defendant is, however, not entitled to have the law enforcement agency, the probation office, or the district attorney's office recommend probation under these circumstances. The court is aware of a possible 'watering-down' effect that granting probation in these cases, without recommendation of the law enforcement agency or district attorney, could have on future identification and arrest of large drug suppliers. With this in mind, the court recognizes that probation should be granted only in very rare and unusual cases, where there is no recommendation from these agencies. However, the court is bound by language of the statute and finds that compliance with one condition such as identification, would open the door for consideration of probation by the court.
 "Prior to consideration of the probation issue in this case, this court must sentence the defendant. Evidence at the sentencing hearing indicated that the defendant admitted to possession of 4.5 pounds of marijuana, and 1.5 pounds of hashish. Therefore, this court sentences the defendant to six (6) years' incarceration in the state penitentiary and assesses a $25,000.00 fine. In addition, a $25.00 victim's compensation assessment is ordered.
 "Upon consideration of the defendant's request for probation, the court finds that this is a rare case in which the best interests of the community would be served by placing the defendant on probation for a period of five (5) years subject to the normal, general conditions of probation and the following special terms and conditions:
 "(1) The defendant is ordered to serve a sixty day split sentence in the Tuscaloosa County jail beginning on January 26, 1987, at 8:00 a.m.
 "(2) On completion of the split sentence the defendant is to complete 300 hours of community service work within six (6) months of the completion date of the sentence in the Tuscaloosa County jail.
 "(3) Defendant is ordered to refrain from use or possession of any illegal controlled substances or association with any person using or possessing any illegal controlled substance or narcotic drug.
 "The defendant is hereby advised that he has the right to appeal from the court's judgment in this case, however, he must do so within forty-two (42) days of the date of this order or lose the right to appeal. It is ordered that a copy of this order be served on the defendant."
On April 28th of 1987, an additional order was issued:
 "The Court hereby makes additional findings to clarify an ostensible inconsistency between the finding and the order:
 "1. There existed an agreement between the prosecuting attorney and the defendant, that if the defendant provided substantial assistance under Section 20-2-81, Code of Alabama, that the State would move the Court for leniency.
 "2. The defendant made reasonable efforts to comply with the agreement.
 "3. The prosecuting attorney arbitrarily decided not to move the Court for leniency.
 "4. The defendant under the authority of Ex Parte John Lloyd Sides moved the Court for a hearing to determine if the prosecuting attorney abused his discretion by not moving for leniency.
 "5. This Court finds that the prosecuting attorney did abuse his discretion by not informing the Court of the agreement."
 I
The meaning of § 20-2-81 and the intent of the legislature is clear. "The legislature obviously intended that all persons *Page 594 
convicted of trafficking would receive a minimum mandatory sentence (unless they fall within the express exception set out in § 20-2-81(b)) and that the sentence would be served. Neither the trial courts nor the Pardons and Paroles Board has the power to reduce or suspend the mandated sentence." Ex parteJones, 444 So.2d 888, 890 (Ala. 1983) (bracketed material in original). See also Roberts v. State, 482 So.2d 1293
(Ala.Cr.App. 1985) (conviction for trafficking not preclude accumulation of good time). We reject the Attorney General's argument that all persons convicted must serve a minimum of three years' imprisonment even if probation is granted.
 II
In this case, probation was improperly granted.
In the amended order of the sentencing judge, reference is made to the case of "Ex parte John Lloyd Sides." Sides v.State, 501 So.2d 1259, 1261 (Ala.Cr.App. 1985), reversed, Exparte Sides, 501 So.2d 1262 (Ala. 1986), involved the issue of whether or not a defendant, before pleading guilty, could compel the enforcement of a plea bargain agreement and require the district attorney to file a motion under § 20-2-81(b) for reduction or suspension of sentence. This Court held that mandamus was not the proper remedy because the accused had not yet pleaded guilty and because the filing of the motion and its grant or denial were discretionary with the prosecutor and the sentencing judge. In so finding, this Court held:
 "There are three conditions precedent to the application of § 20-2-81(b):
 "1. A defendant must have been found guilty or must have pleaded guilty to a trafficking offense. This procedure is entirely post-conviction in nature. Dickerson v. State, 414 So.2d 998 (Ala.Crim.App. 1982); Wheatt v. State, 410 So.2d 479 (Ala.Crim.App. 1982). Other states with relatively similar statutes have held similarly in State v. Benitez, 395 So.2d 514 (Fla. 1981); and People v. Eason, 40 N.Y.2d 297, 386 N.Y.S.2d 673, 353 N.E.2d 587 (1976).
 "2. The defendant must have provided assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals.
 "3. The district attorney must have investigated the assistance provided by the defendant and determined it to be 'substantial assistance.' While the discretion allowed the district attorney under the third condition of this section is not unlimited discretion, an abuse of that discretion must be shown in order to challenge its exercise.
 "The court must be satisfied that certain conditions precedent have been met. First, there must be a defendant who has been found guilty or who has pleaded guilty to a trafficking offense. Second, the district attorney must have filed a motion under § 20-2-81(b), requesting that the sentencing court reduce or suspend the defendant's sentence because of his having rendered assistance which the district attorney has determined to be 'substantial assistance.' Third, the sentencing court must itself find, before applying the provisions of § 20-2-81(b), that the assistance rendered was in fact 'substantial assistance.' "
On review, the Alabama Supreme Court reversed the decision of this Court and held that the accused had a right to have the plea bargain agreement considered by the trial court prior to the entry of the plea or conviction:
 "We are of the opinion that the trial court should have considered the terms of the plea bargain at defendant's request, notwithstanding the language in the statute. Indeed, to hold otherwise would have a chilling effect on the purpose and spirit of our holding in Yarber. We are compelled to prevent a situation where a defendant bargains with the prosecutor to do certain things prior to conviction, and then the prosecutor reneges on his promise to recommend leniency, with no penalty whatsoever for so doing. Without Yarber, this could very well have happened in the case sub judice. A hearing prior to conviction or plea may show that but for the actions of *Page 595 
the law enforcement officers, defendant would have brought about several drug-related arrests, and thus have lived up to his end of the bargain. The State should not be allowed now to unilaterally determine that the defendant did not substantially comply with an agreement and then not make a recommendation after plea or conviction of the defendant. The determination of whether the defendant substantially complied with an agreement is better left to the trial court once it has had an opportunity to examine the terms of the plea agreement.
 "We point out at this juncture that our holding in this case by no means requires the State to make a precise recommendation as to sentence prior to conviction, unless it has made a precise agreement concerning a recommended sentence. We simply hold that the defendant has the right to have whatever agreement was made by the State and him considered by the court prior to the entry of a plea or conviction." Sides, 501 So.2d at 1263-64.
Apparently, the court's decision in Ex parte Sides was motivated or, at least, influenced by the fact that the accused had rendered performance before he pleaded guilty. Ex parteYarber, 437 So.2d 1330 (Ala. 1983), and Ex parte Congo,455 So.2d 896 (Ala. 1984), involved the consensual character of a guilty plea and the fundamental principle that a defendant is deprived of due process when he is not fairly apprised of the consequences of his guilty plea. Santobello v. New York,404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). However, "Santobello expressly declined to hold that the Constitution compels specific performance of a broken prosecutorial promise as the remedy for such a plea; the Court made it clear that permitting Santobello to replead was within the range of constitutionally appropriate remedies." Mabry v. Johnson,467 U.S. 504, 510, n. 11, 104 S.Ct. 2543, 2548, 81 L.Ed.2d 437
(1984). Mabry held that the defendant's acceptance of a prosecutor's proposed plea bargain does not create a constitutional right to have the bargain specifically enforced so that a defendant cannot complain where he pleads guilty knowing that the prosecutor has withdrawn the offer or that the prosecutor will breach the bargain. Thus, in Sides, our Supreme Court held that the accused only has the "right to have whatever agreement was made by the State and him considered by the court prior to the entry of a plea or conviction" and that "the State [is not required] to make a precise recommendation as to sentence prior to conviction, unless it has made a precise agreement concerning a recommended sentence." Sides, 501 So.2d at 1264.
Florida has a drug trafficking statute virtually identical to Alabama's. In Florida, a trial court has no jurisdiction to reduce a sentence until the state attorney has filed a motion. "The sentencing court lacked the authority to reduce the defendant's mandatory minimum sentence since the state did not file a motion for reduction of sentence based on the defendant's providing substantial assistance to law enforcement. § 893.135(3); State v. Bateman, 423 So.2d 577
(Fla. 2d DCA 1982), petition for review denied, 446 So.2d 97
(Fla. 1984)." State v. Cuesta, 490 So.2d 239, 239-40 (Fla. Dist. Ct. App. 1986). See also Morris v. State, 456 So.2d 471,480 (Fla.Dist.Ct.App. 1984), decision quashed on other grounds by Morris v. State, 487 So.2d 291 (1986) ("Because the record reflects that the state attorney did not file a motion to mitigate the mandatory minimum sentence, we find no error in the trial court's refusal to conduct an evidentiary hearing on Morris's claim [that he rendered substantial assistance].").
State v. Suarez, 510 So.2d 643 (Fla.Dist.Ct.App. 1987), involved a plea of nolo contendere to trafficking in cocaine with the understanding that a substantial assistance agreement had been worked out with the State. Prior to sentencing, the defendant provided the requested information but the state attorney refused to file a substantial assistance motion because his superiors would not approve of the agreement.
The trial judge found that the defendant had provided substantial assistance pursuant to an agreement with the State and placed him on probation. The appellate *Page 596 
court found error "since a mitigated sentence may be given upon a finding of substantial assistance only after a motion has been made by the State. State v. Taylor, 411 So.2d 993
(Fla. 4th DCA 1982)." Suarez, 510 So.2d at 644. The court held that since the defendant "was led to believe that an agreement had been reached and had provided assistance on that premise, he should have been able to withdraw his plea of nolo contendere when the assistant state attorney was unable to uphold his part of the plea agreement." Suarez, 510 So.2d at 644.
Unlike Louisiana's trafficking statute, the particular wording of Alabama's trafficking statute allowing for sentence reduction ("The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance." § 20-2-81(b) (emphasis added)) forbids a finding that our statute is subject to more than one reasonable interpretation. See State v. LeCompte,406 So.2d 1300 (La. 1981) ("The court may reduce or suspend the sentence if it finds that the defendant rendered such substantial assistance." L.S.A. R.S. 40:967(G)(2).).
In Wheatt v. State, 410 So.2d 479, 484 (Ala.Cr.App. 1982), this Court upheld the constitutionality of the drug trafficking provisions of the Alabama Code. In doing so, we followed Statev. Benitez, 395 So.2d 514 (Fla. 1981), and rejected the argument that Alabama's drug trafficking provisions are unconstitutional because the trial judge cannot grant probation or reduce sentence unless the prosecuting attorney so moves the court.
 "Appellees' second argument premised on the constitutional separation of powers is that subsection (3) usurps the sentencing function from the judiciary and assigns it to the executive branch, since the benefits of subsection (3) are triggered by the initiative of the state attorney. Under the statute, the ultimate decision on sentencing resides with the judge who must rule on the motion for reduction or suspension of sentence. 'So long as a statute does not wrest from courts the final discretion to impose sentence, it does not infringe upon the constitutional division of responsibilities.' People v. Eason, 40 N.Y.2d 297, 301, 386 N.Y.S.2d 673, 676, 353 N.E.2d 587, 589 (1976) (emphasis in original) (rejecting a separation of powers attack on a similar provision in New York's drug laws)." Benitez, 395 So.2d at 519.
See also Sides, 501 So.2d at 1261; Eldridge v. State,418 So.2d 203, 207 (Ala.Cr.App. 1982).
Therefore, when a defendant has been convicted of trafficking in drugs under § 20-2-80, the sentencing court can only grant probation or reduction of the three-year minimum mandatory sentence where the state's attorney has filed a motion requesting such reduction or suspension. It is the motion that triggers the court's jurisdiction or authority to reduce or suspend sentence. From the language of the statute, this was the clear intent of the legislature.
In his written order granting probation, the sentencing judge did not make an express finding that Drewry provided substantial assistance; he only found that Drewry identified his supplier and "made reasonable efforts to comply with the agreement."
 III
The availability of a reduced sentence in return for substantial assistance is "a post-conviction form of plea bargaining." Benitez, 395 So.2d at 518. Where the defendant provides substantial assistance and the prosecutor does not make the motion for the benefits of probation or sentence reduction, the defendant is not without a remedy. "In State v.Werner, 402 So.2d 386, 387-88 (Fla. 1981), the court held subsection (3) constitutional on its fce but indicated that prosecutorial overreaching in a particular factual scenario might render it unconstitutional as applied." State v. Bateman,423 So.2d 577, 578 (Fla.Dist.Ct.App. 1982), cert. denied,446 So.2d 97 (Fla. 1984). See also Mack v. State,504 So.2d 1252 (Fla.Dist.Ct.App. 1986); State v. Stevens,500 So.2d 288 (Fla.Dist.Ct.App. 1986); Madden v. State, *Page 597 499 So.2d 63 (Fla.Dist.Ct.App. 1986). Consequently, where the defendant has rendered "substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals" pursuant to an agreement with the prosecuting attorney, and the prosecuting attorney fails to move the sentencing court for reduction or suspension of sentence, the defendant may seek to have § 20-2-81 declared unconstitutional as it applies in his particular case.
We deem this procedure consistent and compatible with our Supreme Court's determination in Sides, 501 So.2d at 1263-64 that "[t]he State should not be allowed now to unilaterally determine that the defendant did not substantially comply with an agreement and then not make a recommendation after plea or conviction of the defendant." Although we recognize the distinctions between the pre-conviction plea bargain of Sides
and the post-conviction plea bargain of this case, we find that the same general principle expressed above applies in both cases.
However, before a sentencing judge may find that § 20-2-81(b) is unconstitutional in its application to a particular defendant, that judge must make an express finding (1) that the defendant has provided "substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals," § 20-2-81(b); (2) pursuant to an agreement with the state; and (3) that the State has arbitrarily or unjustifiably breached the terms of the agreement by refusing to make the motion for sentence reduction or suspension.
 IV
As the sentencing court found in its written order, a defendant may provide substantial assistance in identification or arrest or conviction. In order to have a finding of substantial assistance there need not have been an identification and an arrest and a conviction. However, the mere fact that a defendant identifies his supplier may not always constitute substantial assistance. Moore v. State,498 So.2d 1003, 1004 (Fla.Dist.Ct.App. 1986) ("In spite of his demonstrated willingness to help the police, the prosecutor did not move for mitigation, partly because the police knew the supplier before Moore identified him; thus Moore did not render substantial assistance with the meaning of section 893.135(3).").
The issue of whether or not the defendant has provided substantial assistance must be decided on a case-by-case basis.
 "[T]he Court remains unconvinced that the defendant has rendered substantial assistance as required by the statute. In reaching this conclusion, the Court is aware that the word 'substantial' is 'a relative and not exact term subject to a rule of thumb.' Smith v. City of Fort Dodge, Iowa, Iowa Supr., 160 N.W.2d 492, 498
(1968). It is a term that must be examined in the context in which it is used. Id.
 "The commentators have noted that the word 'substantial' as an adjective:
 ". . . has reference to something worthwhile as distinguished from something without value or merely nominal, and it imports a considerable amount of value in opposition to that which is inconsequential or small, and in this sense is defined as meaning of real worth and importance. 83 C.J.S. Substantial, p. 762.
 "The common dictionary definition of the term 'substantial' includes the following: 'consisting of or relating to substance . . . IMPORTANT, ESSENTIAL . . . considerable in quantity . . .'. Webster's Ninth New Collegiate Dictionary, p. 1176 (1983).
 "Thus, the Court concludes that 'substantial assistance' is that assistance which is worthwhile, having considerable value, important or essential; rather than that which is inconsequential, lacking in value or nominal.
 "The defendant in this case did testify against his co-defendant at trial. The sentencing Judge also presided over that trial and was aware of the evidence presented. At the co-defendant's trial, the State produced an undercover police officer who testified as to the direct *Page 598 
transfer of drugs involved. The State further introduced evidence of a tape recording of the incident in question. This defendant did testify at the trial as to his participation with his co-defendant on one count of trafficking and the conspiracy charge. His testimony corroborated that of the police officers and the physical evidence (tape recording) introduced against his co-defendant.
 "The Court believes that while defendant's testimony was of some value, it was not of considerable value to the prosecution and conviction of the co-defendant. It clearly was not essential to that prosecution. In addition, the actual value of the testimony was further weakened by defendant's status as a previously convicted felon. This Court is not convinced that this defendant provided substantial assistance to the conviction of his co-conspirator.
 "This is not to say that in a proper case testimony by one co-defendant against another could not rise to the level of substantial assistance. It could well be that such testimony could be crucial to the case. In the proper case, a co-defendant's testimony might be the essential evidence required to convict. In that case, 'substantial assistance' would be established. In this case, however, the testimony was cumulative at best and clearly not essential nor of major importance to the State's case.
 "Likewise, a co-defendant could provide substantial assistance by providing information to the State to enable the arrest of a co-defendant who otherwise might escape the jurisdiction. A co-defendant could assist the State in finding physical evidence that could be crucial to a prosecution. There are many ways in which substantial assistance could be rendered and that is why the General Assembly has required the Court to decide this issue on a case by case basis." State v. Howington, 509 A.2d 600, 602-03
(Del.Super.Ct. 1986), affirmed by Howington v. State, 520 A.2d 1044 (Del. 1987).
As we have noted, in this case the sentencing judge did not make an express finding that the defendant had rendered substantial assistance.
The petition for writ of mandamus is granted and the circuit court is ordered to set aside its order granting probation.
PETITION GRANTED.
All Judges concur.