BOWEN, Judge.
In 1984, John Norwood Drewry pleaded guilty and was convicted of trafficking in cannabis in violation of Ala.Code 1975, § 20-2-80(1).[1] Although the district attorney did not recommend a reduced or suspended sentence as provided for in § 20-2-81(b),[2] in January of 1987, the circuit court sentenced the defendant to six years’ imprisonment, which was suspended, and the defendant was placed on probation after serving 60 days in the county jail.
In March 1987, the Alabama Attorney General filed a petition for writ of mandamus in this Court, contending that the circuit court was not authorized to place the defendant on probation in the absence of the appropriate motion. On November 10, 1987, this Court granted the petition and ordered the circuit court to set aside its order granting probation, finding that the circuit court had not made an express finding that the defendant had rendered substantial assistance. State v. Drewry, 519 So.2d 591 (Ala.Cr.App.1987). In that opinion, this Court indicated that the circuit court could place a defendant on probation without a motion from the district attorney only if that court found the minimum, mandatory sentence unconstitutional as applied to the defendant and only if the judge made certain, express findings. Drewry, 519 So.2d at 597.
On November 13, 1987, defense counsel filed in the circuit court a “motion for conference” requesting that court to “allow counsel ... to present and argue their respective positions as to what order the [circuit] Court should enter consistent with the opinion of the Alabama Court of Criminal Appeals.” That conference was set for December 15, 1987, and then reset for December 21, 1987. On that date, the circuit court ordered that “the Court file be opened to attorneys for the State and D.A. so that they may agree on what parts of court file should be sealed and what should be unsealed.” The record contains no transcript of any conference or proceedings held on December 21. The “motion for conference” does not reveal the defendant’s position on sentencing.
The next judgment entry of the circuit court is dated May 26, 1988, and appears in relevant portion as follows: “In accordance with the opinion of Court of Criminal Appeals, probation order is set aside and defendant ordered to serve full sentence of Six (6) Years.” On May 27, 1988, the sentence was reduced to three years’ imprisonment on motion of the State of Alabama, and the defendant gave oral notice of appeal.
On appeal, the defendant argues that the circuit court erred in exercising its discretion in an arbitrary and capricious manner in deciding that it could not consider the defendant for probation after remand from this Court. However, that contention is not supported by the record before this Court. That record only shows that the circuit court denied probation. It does not show why probation was denied, and specifically does not show that the circuit court failed to consider reduction or suspension of sentence under the facts presented. The record does not even show that the contention now raised on appeal was presented to the circuit court.
Therefore, the judgment of the circuit court must be affirmed. “[I]n the absence of the evidence and proceedings on the trial, all presumptions must be indulged in *250 favor of the trial court. Thomas v. State, 231 Ala. 606, 607, 165 So. 833, 834 (1936). “In general, in reviewing whether an erroneous ruling has been sufficiently corrected, ... all fair presumptions will be indulged in favor of the action of the court.” Baugh v. State, 215 Ala. 619, 621, 112 So. 157, 159 (1927). “We cannot presume a fact not shown by the record, and make it a ground of reversal.” Duncan v. State, 88 Ala. 31, 34, 7 So. 104, 106 (1890).
“The oft repeated and universal principle of law that error must affirmatively appear, otherwise the judgment stands, is applicable to this case. It cannot be affirmed that error is manifest here. It is a general rule of wide application that the reviewing court will indulge all reasonable presumptions in favor of the correctness of the judgment from which the appeal is taken for the purpose of sustaining the action of the lower court. 5 C.J.S., Appeal and Error, page 262, § 1533 et seq.; and as a general rule presumptions unfavorable to the judgment and for the purpose of reversing it will not be indulged; moreover, ‘where the record is silent, it will be presumed that what ought to have been done was not only done, but was rightly done.’ 3 AmJur. p. 489, section 923.”
Robertson v. State, 29 Ala.App. 399, 400, 197 So. 73, cert. denied, 240 Ala. 51, 197 So. 75 (1940).
“[TJhe record must be accepted at its face value; the court cannot assume a meaning not expressed by the sentence.” Jarnigan v. State, 222 Ala. 143, 132 So. 50 (1930). “[I]n reviewing sentences, this court indulges all reasonable presumptions in favor of the action of the lower court.” Howard v. State, 36 Ala.App. 191, 192, 54 So.2d 87, 88 (1951). “[OJn appeal we presume that the trial court in imposing such sentence acted wholly within the law.” Yates v. State, 31 Ala.App. 362, 363, 17 So.2d 776, cert. denied, 245 Ala. 490, 17 So.2d 777 (1944). See McClellan v. State, 452 So.2d 909, 912 (Ala.Cr.App.1984) (“Since this matter was brought to the attention of the trial judge in the motion for new trial and since he declined to amend his sentence, we must assume that he intended to impose the fine and was not misled by the ‘misrepresentation’ of the District Attorney.”).
In our opinion in State v. Drewry, 519 So.2d at 597, this Court specifically provided this defendant with a remedy:
“[WJhere the defendant has rendered ‘substantial assistance in the identification, arrest or conviction of any of his accomplices, accessories, coconspirators, or principals’ pursuant to an agreement with the prosecuting attorney, and the prosecuting attorney fails to move the sentencing court for reduction or suspension of sentence, the defendant may seek to have § 20-2-81 declared unconstitutional as it applies in his particular case.
[[Image here]]
“However, before a sentencing judge may find that § 20-2-81(b) is unconstitutional in its application to a particular defendant, that judge must make an express finding (1) that the defendant has provided ‘substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspir-ators, or principals,’ § 20 — 2—81(b); (2) pursuant to an agreement with the State; and (3) that the State has arbitrarily or unjustifiably breached the terms of the agreement by refusing to make the motion for sentence reduction or suspension.”
In that opinion, this Court also noted that “in this case the sentencing judge did not make an express finding that the defendant had rendered substantial assistance.” Drewry, 519 So.2d at 598. On remand, the circuit court failed to make any findings. Therefore, the only presumption available to this Court is that the circuit court found that the defendant had not rendered substantial assistance, and therefore, declined to hold the sentencing statute unconstitutional as it applied to the defendant.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. Section 20-2-80 was transferred to Ala.Code 1975, § 13A-12-231, effective September 30, 1988. Act No. 88-918, § 2, 1988 Ala. Acts 512, 514.

. Section 20-2-81 was transferred to Ala.Code 1975, § 13A-12-232, effective September 30, 1988. Act No. 88-918, § 2, 1988 Ala. Acts 512, 514. Effective August 12, 1987, subsection (b) was amended by the addition of the following sentence: "Under no circumstances may the judge reduce or suspend the sentence except upon motion of the prosecuting attorney." Act No. 87-708, § 3, 1987 Ala. Acts 1246, 1252.