COBB, Judge.
On September 10, 1999, Roderick Dewayne White was indicted on one count of distribution of cocaine, a violation of § 13A-12-211, Ala.Code 1975, and one count of trafficking in cocaine, a violation of § 13A-12-231, Ala.Code 1975. On October 20, 1999, White waived arraignment and entered a formal “not-guilty” plea. White withdrew his not-guilty plea and entered into a written plea agreement on August 14, 2000.
Pursuant to the plea agreement, the State nol prossed the distribution count of the indictment, and White pleaded guilty to the trafficking count of the indictment. The guilty plea form showed a recommended sentence of 15 years, to be split so that White would serve 3 years. The form also stated that probation was discretionary and was not a condition of the agreement, and that the prosecutor would oppose probation, as not applicable on a split sentence. (C. 17.)
On March 27, 2001, the trial court sentenced White, in accordance with the written plea agreement form, to a 15-year sentence; that sentence was split, and he was ordered to serve the mandatory minimum of 3 years’ incarceration under § 13A-12-211, Ala.Code 1975, followed by 12 years’ probation. White was also ordered to pay attorney’s fees and court costs, $52,150 in fines and assessments, and to submit to random drug testing.
The district attorney then informed the sentencing judge that the State was not recommending probation. White then made an oral motion to withdraw his guilty plea, arguing that the plea bargain provided the possibility of probation if White substantially assisted law enforcement in pursuing other drug cases. The trial *679 judge stated that, absent a recommendation from the district attorney, he had “no leeway other than to impose sentence and not grant probation.” (R. 22.)
White then filed timely motions for the trial court (1) to permit him to withdraw his guilty plea and (2) to declare § 13A-12 — 232(b), Ala.Code 1975, unconstitutional as it applied to this case. On April 9, 2001, the trial court denied the motions, following a hearing.
First, White contends that the trial court erred by not ruling on the constitutionality of § 13A-12-232(b), Ala.Code 1975, as to the facts in this case. He argues that the district attorney abused his discretion in refusing to recommend probation. Section 13A-12-232(b), Ala. Code 1975, provides:
“The prosecuting attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of Section 13A-12-231 ... and who provides substantial assistance in the arrest, or in the conviction of any of his accomplices, accessories, coconspirators, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance. Under no circumstances may the judge reduce or suspend the sentence except upon motion of the prosecuting attorney.”
Where the defendant has rendered substantial assistance pursuant to an agreement, and the prosecuting attorney fails to move for a reduction or suspension of the sentence, the defendant may seek to have the foregoing statute declared unconstitutional as it applies to his particular case. State v. Drewry, 519 So.2d 591, 597 (Ala.Crim.App.1987). In Drewry, the court set out the three-prong test for determining the unconstitutionality of the section:
“However, before a sentencing judge may find that § 20-2-81(b) [the predecessor statute to § 13A-12-232(b) ] is unconstitutional in its application to a particular defendant, that judge must make an express finding (1) that the defendant has provided ‘substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals,’ § 20-2-81 (b); (2) pursuant to an agreement with the State; and (3) that the State has arbitrarily or unjustifiably breached the terms of the agreement by refusing to make the motion for sentence reduction or suspension.”
519 So.2d at 597.
The issue whether the defendant has provided substantial assistance must be decided on a case-by-case basis. Id. The record in this case contains a letter from a Drug Enforcement Agency (“DEA”) agent to the prosecutor that described the assistance White provided the DEA. In particular, the letter described White’s assistance in the arrest and prosecution in federal court of two individuals for distribution and conspiracy to distribute controlled substances, and of White’s efforts in a third case in which the DEA agent was transferred and the investigation was terminated. The letter continued to describe other information White provided in a murder investigation and in other drug transactions at “great risk to Mr. White’s person and family.” (C. 47.) The letter from the DEA agent concluded by stating, “I fully believe Mr. White met all aspects of our agreement and I strongly urge the District Attorney’s Office to bear that in mind on any future plea agreements entered into with Mr. White.” (C. *680 48.) The State contends that White’s activities resulted in less than substantial assistance, that White’s activities were limited to assisting federal agents, and that he did not maintain contact with local law enforcement. However, the trial judge made no express findings as to whether White provided substantial assistance, because he believed that he could reduce the sentence only upon a motion from the district attorney.
With regard to the second prong of the Drewry test, although it is uncontro-verted that a plea agreement existed in the present case, there is a dispute as to the terms and conditions of that agreement. White contends that the agreement included the possibility of probation if he provided substantial assistance. The letter from the DEA agent indicates that no guarantees were made as to what sentence White would receive if he cooperated, only that the DEA agent he worked with would recommend leniency based on White’s cooperation. The signed plea agreement states that “probation is discretionary and is not a condition of the agreement” and that “prosecutor will oppose probation, as it is not applicable on split sentence.” (C. 17.) The record indicates there might have been terms agreed upon by the parties other than those included in the written plea agreement. The State, at the motion hearing, seemed to acknowledge that the possibility of probation might have been part of the oral plea bargain, but, the prosecutor argued at the hearing, White, did not provide enough assistance to warrant a recommendation of probation from the State. (R. 39-41.) The trial court is in a better position to hear the evidence and to make a determination as to the terms of the agreement.
The third prong of the Drewry test, whether the State arbitrarily or unjustifiably breached the terms of the plea agreement, cannot be evaluated until the terms and conditions of the agreement are determined.
“[T]here may be cases where the state’s action will constitute bad faith and thereby result in a violation of the contract or plea bargain agreement. If that happens, the relief sought would be ‘specific performance of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case.’ Ex parte Williams, 637 S.W.2d 943 (Tex.Cr.App.1982), cert. denied, 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1336 (1983).”
Sides v. State, 575 So.2d 1232, 1236 (Ala.Crim.App.1991).
The trial court is in the best position to make a determination as to the terms of the plea agreement, assess the intent of the parties, determine if the agreement was breached, and, if it was, to render an appropriate remedy. Id. at 1237. However, the trial judge specifically stated at the motion hearing that his ruling on the motion was not based on the constitutionality issue. “If I wanted to go way out on a limb I could rule in his favor and set the thing aside, put him back into the fray of things and rule on the constitutionality of this thing, which I’m not going to do.... ” (R. 54.)
Because this Court is unable to determine the terms of the plea agreement, and because the trial court believed it was not authorized to determine whether § 13A-12-232(b) was unconstitutional as applied to White, we cannot review the merits of White’s claims. Therefore, this cause must be remanded for the trial court to rule on the constitutionality of the statute as it applies to White in this case, and to make express findings as called for in Drewry to determine (1) whether the plea agreement provided White with the possibility of parole, and, if the plea agreement did, then (2) whether White provided sub *681 stantial assistance to law enforcement, and (3) whether the State breached its duties under the agreement.
The State contends that the lack of an express finding on the issue of substantial assistance indicated that the trial judge found that White failed to provide substantial assistance, and that there was no need for an evidentiary hearing to determine whether White had rendered substantial assistance to authorities.' We disagree.
“The determination of whether the defendant has substantially complied with an agreement is better left to the trial court once it has had an opportunity to examine the terms of the plea agreement.” Drewry, 519 So.2d at 595. Unless a clear abuse of discretion has been shown, this' Court will not disturb the decision of the trial court in relation to a finding concerning a plea bargain agreement. Sides, 575 So.2d at 1234. Where the sentencing judge does not make an express finding in accordance with Drewry, then “the only presumption available to this Court is that the circuit court found that the defendant had not rendered substantial assistance, and therefore, declined to hold the sentencing statute unconstitutional as it applied to the defendant.” Drewry v. State, 566 So.2d 248, 250 (Ala.Crim.App.1990).
However, in the present case, the sentencing judge stated:
“[I]fs my understanding that that section called for a recommendation from the D.A.’s office of substantial assistance. Were it up to me to make that call, then I would make that decision and would view the letter [from the DEA] but our legislature ... did not see fit to give the Judge and the Court the authority to make that call. Should they decide in the future to do that, I would be more than happy to listen to all arguments and all evidence in that respect and make the appropriate call.... ”
(R. 45.)
Though the trial judge did not make an express finding of whether White had rendered substantial assistance to law enforcement, he expressly stated that he did not have the discretion to consider whether White had rendered substantial assistance. As we have stated above, the trial judge does have that discretion.
White argues that he should have been allowed to withdraw his guilty plea upon sentencing. “ ‘[W]hether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing ■ of abuse of that discretion.’ ” Perry v. State, 741 So.2d 467, 471 (Ala.Crim.App.1999) (quoting Alford v. State, 651 So.2d 1109, 1112 (Ala.Crim.App.1994)). This Court set out the rule to be followed in a case involving the State’s breach of a plea bargain agreement in Blackwell v. State, 556 So.2d 1091 (Ala.Crim.App.1988):
“ ‘[I]f there is a plea agreement between a defendant and the- State and a breach thereof which is made known to the trial court, and if the trial court does not sentence the defendant pursuant to the terms of the plea- agreement ... then the defendant must be given an opportunity, upon proper, timely, and specific motion, to withdraw his guilty plea. At that point, the trial court must review the circumstances surrounding the making of the plea agreement and determine whether ... a breach occurred. Further, it must decide if the guilty plea rested in any significant degree upon the agreement of the State, so that such can be said to be part of the inducement or consideration and, thus, must be fulfilled. The trial court may hold a hearing and receive testimony to determine *682 the above. Once it makes its findings, the trial court then determines the appropriate remedy, if any. Santobello v. New York, 404 U.S. 257, 263 [92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ]; See Ex parte Yarber, [437 So.2d 1330 (Ala.1983)].’ ”
556 So.2d at 1093.
We look to the record to see if a plea agreement existed.
“MR. JOHN FLOYD [defense attorney]: And based upon any substantial assistance or assistance he provided between the time of the plea and the time of the sentence and probation then the recommendation be made from the district attorney’s office, if he had provided substantial assistance, for probation. Now, in this particular case, the court’s had, I think, letters sent to it, also, from various people about the assistance that was provided in this particular case.... Originally, the agreement was and they were working with through the DEA Roderick White to provide substantial assistance which he did, in fact, do.”
(R. 33-35.)
The State confirmed that an agreement existed, when the district attorney stated:
“As Your Honor is well aware from the years that he was in private practice and represented clients in criminal cases, the State of Alabama does not recommend probation on trafficking cases for substantial assistance unless other trafficking cases are made out by the defendants in order to get that recommendation. In looking at the letter that came from Agent Newman, apparently that was the only person that Mr. White sought to work with; Mr. White didn’t make any trafficking cases. He made a couple of distribution cases that were handled in Federal Court.... So, as a practical matter the only thing that was done here was make a couple of distribution cases on somebody that we’ve got charges pending against anyway. That’s not substantial assistance, never has been, has never been the position of my office since I’ve been in office.”
(R. 36-37.) The district attorney stated that he did not care “who they worked with” as long as they maintained contact with the law-enforcement agency that made the initial case. (R. 38-39.) The State stated, “Mr. White did not do what was expected of him and, so, as a result of that he got no recommendation.” (R. 39.) The district attorney stated, “The only thing [White] didn’t get was probation but you don’t get probation when you don’t do anything and that’s exactly what happened here with Mr. White.... Well, that’s what he got, he got the minimum sentence and [the DEA agent] advised our office as to what Mr. White had done. The only thing is [that] Mr. White did not meet the criteria for being able to get a recommendation.” (R. 41.)
It is clear from the record that a plea agreement existed in this case. However, it is unclear what terms the parties agreed upon. Therefore, this case is remanded with directions for the trial court to hold an evidentiary hearing to determine the terms of the agreement, and to rule on the constitutionality of the statute as it applies to White in this case. The trial court should state its findings in a written order. Based on these findings, the trial court is authorized to (1) leave White’s sentence undisturbed; (2) set aside the sentence, and resentence White in accordance with the terms of the plea agreement, if it finds the terms require a different sentence; or (3) allow White to withdraw his guilty plea. A return to remand shall be filed within 77 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court, the findings of the trial *683 court, and a record of the actions taken by the trial court.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J. and SHAW, J., concur. WISE, J., dissents, with opinion. BASCHAB, J., joins dissent.

 Note from the reporter of decisions: On April 19, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.